OPINION
{¶ 1} This is an appeal by plaintiff-appellant, Selena Lee ("appellant"), from a judgment of the Ohio Court of Claims, finding in favor of defendant-appellee, the Ohio Department of Job and Family Services ("appellee" or "ODJFS"), on appellant's action for disability discrimination. For the following reasons, we affirm.
 {¶ 2} Appellant was employed by ODJFS for approximately 15 years, beginning in 1989. Although appellant received positive performance evaluations during her tenure, her active disciplinary history included the following: a written reprimand for rude behavior towards customers (May 9, 2000); a five-day working suspension for insubordination (April 1, 2001); a seven-day suspension for rude behavior (March 28, 2002); and a ten-day suspension for failure to provide a proper call off and being absent without leave (June 24, 2003). In connection with the last discipline, appellant agreed to, and signed, a last chance disciplinary settlement agreement ("LCSA"), which stated, in part, that any further discipline within a two-year period would constitute just cause for removing appellant from her position.
 {¶ 3} On February 4, 2004, management personnel observed appellant wrapped in a blanket and asleep at her desk. Appellee conducted an investigatory interview, during which appellant denied having been asleep. She asserted that her eyes might have been closed because she had put drops to her eyes (to treat "dry eye syndrome"), and closing them was necessary in order to allow the medication to distribute evenly. A pre-disciplinary hearing was held on March 16, 2004. Thereafter, on March 30, 2004, Teresa Toronto, an ODJFS labor relations officer, issued a pre-disciplinary report in which she recommended that appellant be terminated from her position due to her disciplinary record and the LCSA. That recommendation was adopted, and in a letter dated March 31, 2004, appellant was informed that her employment with ODJFS was terminated, effective April 2, 2004.
 {¶ 4} Appellant filed a grievance with her labor union on April 5, 2004, alleging that she had been discharged without cause. A grievance hearing was held in May 2004, but her grievance was denied. Appellant appealed the denial of her grievance, and on July 1, 2004, a mediation was conducted but no resolution was reached. Although the union contract provided for the arbitration of grievances when mediation proved unsuccessful, the union refused to take appellant's grievance to that level.
 {¶ 5} On June 22, 2004, appellant filed a charge with the Ohio Civil Rights Commission, alleging that appellee had discharged her due to her race and sex.[1] After an investigation, the commission concluded that appellant was not discharged due to her race or sex, but rather, for the reason articulated by appellee — that appellant had been observed sleeping at her desk while on duty. Thus, the commission determined that appellee did not engage in an unlawful discriminatory practice under Chapter 4112 of the Ohio Revised Code.
 {¶ 6} Appellant filed for unemployment benefits, and her claim was heard on August 16, 2004. Appellant denied being asleep at her desk, and again, reiterated that she had closed her eyes because she had just applied drops to them. Appellant's claim was denied, as was her request for reconsideration.
 {¶ 7} On March 22, 2005, appellant filed a complaint in the Ohio Court of Claims against appellee, alleging disability discrimination pursuant to R.C. 4112.99. Appellant alleged that she was discharged by appellee for "sleeping on the job." (Complaint at ¶ 4.) Subsequent thereto, appellant was diagnosed as suffering from sleep apnea and idiopathic hypersomnia. Id. at ¶ 5. Appellant alleged that appellee "did not consider" these underlying medical conditions "when reviewing her dismissal," and, thus, failed to reasonably "accommodate her disability." Id. at ¶ 7, 8.
 {¶ 8} Bifurcating the issues of liability and damages, the Ohio Court of Claims held a bench trial. In lieu of counsel's closing arguments at trial, the court permitted the parties to file post-trial written statements. By decision filed May 19, 2006, the Ohio Court of Claims found that appellant failed to prove any of her claims by a preponderance of the evidence, and the court accordingly entered judgment in favor of ODJFS. From this judgment, appellant appeals.
 {¶ 9} We first note that appellant's brief fails to set forth any assignments of error. Instead, appellant provides a two-page typed narrative of her version of the underlying facts. Therein, appellant essentially argues that appellee violated R.C. Chapter 4112 by virtue of the fact that she had a disability (sleep apnea) at the time of her termination. App.R. 16 expressly requires an appellant to set forth assignments of error. Assignments of error should designate specific rulings that the appellant wishes to challenge on appeal. Dailey v. R J Commercial Contracting, Franklin App. No. 01AP-1464, 2002-Ohio-4724, at ¶ 17, quoting Taylor v. Franklin Blvd. Nursing Home, Inc . (1996),112 Ohio App.3d 27, 32. Without assignments of error, an appellate court has nothing upon which to rule. The fact that appellant is acting pro se is immaterial because a pro se person " `is held to the same rules, procedures and standards as those litigants represented by counsel and must accept the results of her own mistakes and errors.' " Id., quotingDornbirer v. Paul (Aug. 19, 1997), Franklin App. No. 96APE11-1560, discretionary appeal not allowed, 80 Ohio St.3d 1476.
 {¶ 10} Even if we were to interpret appellant's narrative as a challenge to the trial court's decision, the record does not include a transcript of the proceedings below. " `The duty to provide a transcript for appellate review falls upon the appellant. This is because the appellant bears the burden of showing error by reference to matters in the record.' " Dailey, supra, at ¶ 20, quoting Fleisher v. SiffrinResidential Assoc., Inc ., Mahoning App. No. 01-CA-169, 2002-Ohio-3002, at ¶ 25, following Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199. Absent a transcript, this court must presume the regularity of the proceedings below and affirm the trial court's decision. Edwards v.Cardwell, Franklin App. No. 05AP-430, 2005-Ohio-6758, ¶ 4-6;Dailey, supra, at ¶ 20. "Where a party to an appeal fails to file portions of the transcript necessary for resolution of his assignments of error, the assignments will be overruled." Maloney v. Maloney (1986),34 Ohio App.3d 9, syllabus. Here, a transcript of the proceedings is necessary for a thorough review of appellant's contentions. Therefore, given appellant's failure to include a transcript of the proceedings before the trial court, this court must presume the regularity of the trial court's proceedings and affirm its judgment.
 {¶ 11} Putting aside appellant's briefing and technical failures, consideration of the argument advanced by appellant still leads us to the conclusion that it is without merit. Although not stated as such, appellant's argument essentially challenges the trial court's findings as against the manifest weight of the evidence. In reviewing a trial court's judgment following a bench trial, "an appellate court is `guided by the presumption' that the trial court's findings are correct."Broadstone v. Quillen, 162 Ohio App.3d 632, 637, 2005-Ohio-4278, citingPatterson v. Patterson, Shelby App. No. 17-04-07, 2005-Ohio-2254, at ¶ 26, quoting Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77,79-80. Thus, this court may not substitute its judgment for that of the trial court, and must affirm the judgment if it is supported by some competent, credible evidence going to the essential elements of the case. Reilley v. Richards (1994), 69 Ohio St.3d 352; Koch v. Ohio Dept.of Natural Resources (1994), 95 Ohio App.3d 193.
 {¶ 12} To state a claim of disability discrimination, the party seeking relief must establish: "(1) that he or she was handicapped, (2) that an adverse employment action was taken by an employer, at least in part, because the individual was handicapped, and (3) that the person, though handicapped, can safely and substantially perform the essential functions of the job in question." Bush v. Dictaphone Corp ., Franklin App. No. 00AP-1117, 2003-Ohio-883, at ¶ 33, quoting Columbus Civ. Serv.Comm. v. McGlone (1998), 82 Ohio St.3d 569, 571, citing Hazlett v.Martin Chevrolet, Inc . (1986), 25 Ohio St.3d 279, 281. R.C.4112.01(A)(13) defines "disability" to mean "a physical or mental impairment that substantially limits one or more major life activities, including the functions of caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working; a record of a physical or mental impairment; or being regarded as having a physical or mental impairment." In interpreting Ohio law, courts may look to cases and regulations interpreting the Americans with Disabilities Act ("ADA") for guidance. McGlone, supra, at 573.
 {¶ 13} "A disability is substantially limiting if the person is unable to perform a major life activity that the average person in the general population can perform or is significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity." Edwards v. Dialysis Clinic,Inc. (S.D.Ohio Mar. 22, 2006), 423 F.Supp.2d 789, 797, citingSadinsky v. EBCO Mfg. Co . (1999), 134 Ohio App.3d 54. To determine whether an individual is "substantially limited" in a major life activity, a court must consider the "nature and severity of the impairment," its "duration or expected duration," and the "permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment." Section 1630.2(j)(2), Title 29, C.F.R. Finally, "[i]t is insufficient for individuals attempting to prove disability status * * * to merely submit evidence of a medical diagnosis of an impairment." Toyota Motor Mfg., Ky., Inc. v. Williams (2002), 534 U.S. 184, 198, 122 S.Ct. 681, 692. Rather, the party must prove that her disability substantially limits a major life activity. Id.; see, also,Edwards, supra, at 797.
 {¶ 14} A recent case that bears a factual resemblance to the case at bar isJames v. ABX Air, Inc . (S.D.Ohio 2006), case No. 1:03-CV-00480. In that case, the district court held that the plaintiff failed to establish that he suffered an adverse employment action as a result of his disability (sleep apnea) because his employer had no knowledge of his disability. In granting summary judgment to the defendant-employer, the district court explained:
 Even if James' sleep apnea was considered a disability, James could not prove the second element of the prima facie case for disability discrimination, namely, that he suffered an adverse employment action at least in part because he was handicapped. While ABX did indeed terminate James for sleeping on the job, it is undisputed that ABX had no knowledge that James potentially suffered from sleep apnea. * * * Here, ABX terminated James because he slept on the job, not because he had sleep apnea. ABX could not terminate James because he had a disability if ABX did not know James had a disability. Even James did not know he potentially suffered from sleep apnea until after his termination from ABX.
 {¶ 15} As to the ultimate issue before the trier of fact, the record supports the Ohio Court of Claims' finding that appellant was not terminated because she was disabled. While appellee did terminate appellant for sleeping on the job, it is undisputed that appellee had no knowledge of appellant's disability (sleep apnea) — a fact acknowledged by appellant in her briefing. (Appellant's brief, at 1; see, also, Appellant's reply brief, at 3.) As such, there was competent, credible evidence to support the Ohio Court of Claims' finding that appellee terminated appellant based upon her prior disciplinary record and the terms of the LCSA, and not because appellant suffered from sleep apnea, a condition that even appellant did not know she suffered from sleep apnea until two months after her termination.
 {¶ 16} Based on the foregoing, we conclude that there is some competent, credible evidence going to all the essential elements of the case to support the Ohio Court of Claims' judgment. We further conclude that its judgment is not against the manifest weight of the evidence.
 {¶ 17} Accordingly, to the extent appellant has even set forth an assignment of error, it is overruled, and the judgment of the Ohio Court of Claims is affirmed.
Judgment affirmed.
BRYANT and SADLER, JJ., concur.
[1] Interestingly, appellant did not claim that she was discharged by appellee because of her sleep apnea, although she had been formally diagnosed with same at the time she filed the charge.