[Cite as *Paradise 4U Properties, Ltd. v. Clark*, 2016-Ohio-3269.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Paradise 4U Properties, Ltd., | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 15AP-720 |
| v. | : | (M.C. No. 2014 CVG 11475) |
| April Clark, et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellants. | : | |

D E C I S I O N

Rendered on June 2, 2016

**On brief:** *Willis Law Firm, LLC, William L. Willis, Dimitrios G. Hatzifotinos,* and *Michael J. Cassone*, for appellee. **Argued:** *Dimitrios G. Hatzifotinos.*

**On brief:** *April Clark* and *Diamond Clark,* pro se.

APPEAL from the Franklin County Municipal Court

BRUNNER, J.

{¶ 1} This matter began as an action for eviction and money damages filed by plaintiff-appellee, Paradise 4U Properties, Ltd. ("Paradise"), against defendants-appellants, April Clark and Diamond Clark ("the Clarks"), to which the Clarks filed a counterclaim. The Clarks appeal from a judgment of the Franklin County Municipal Court denying their motions for a new trial and for relief from judgment in the underlying case. For the following reasons, we affirm the judgment of the trial court.

## I. STATEMENT OF FACTS

{¶ 2} On April 15, 2014, Paradise filed a complaint for eviction and money damages against the Clarks alleging that the Clarks had entered into a rental contract as tenants with Paradise for a certain residence; that the Clarks were in default of the rental agreement due to nonpayment of rent; that Paradise was entitled to possession of the

No. 15AP-720

premises; and that the Clarks were unlawfully and forcibly detaining Paradise from possession of the premises. Paradise further alleged that the Clarks were indebted to Paradise for unpaid rent, damages to the premises beyond normal wear and tear, and late charges and utility bills. Paradise also alleged that, on or about April 3, 2014, it had duly served the Clarks with written notice to vacate the premises.

{¶ 3} On April 21, 2014, the Clarks, each acting pro se and on their own behalf, filed a joint answer to the complaint. On April 22, 2014, the Clarks filed an addendum to answer, requesting in the body of the pleading that it be construed as a counterclaim against Paradise for rent abatement and out-of-pocket medical expenses. On April 29, 2014, Paradise answered the Clarks' addendum to answer/counterclaim, denying all allegations and requesting that the counterclaim be dismissed for failure to state a claim against Paradise for which relief may be granted.

{¶ 4} On April 29, 2014, the matter came for an eviction hearing before a magistrate. Paradise and the Clarks appeared for the hearing. Following the hearing, the magistrate issued a decision that, based on the evidence presented, the notice to vacate conformed to R.C. 1923.04 and was properly served and that Paradise had proven non-payment of rent and allegations set forth in the complaint by a preponderance of the evidence. The magistrate granted judgment for Paradise for restitution of the premises and costs. The trial court adopted the magistrate's decision and entered final judgment for Paradise for restitution and court costs. The Clarks were subsequently set out of the premises consistent with the trial court's order.

{¶ 5} The remaining matters of Paradise's damages and the Clarks' counterclaim were tried to the bench on January 8, 2015, with both Paradise and the Clarks presenting evidence to the trial court. At the close of presenting evidence, Paradise moved for a directed verdict on the grounds that the Clarks had failed to present evidence of any damages. On May 28, 2015, the trial court entered an order granting Paradise's motion for directed verdict and dismissing the Clarks' counterclaim because no evidence of damages had been presented. The trial court, "[u]pon considering all admissible evidence and testimony," entered a separate order in favor of Paradise for money damages. (May 28, 2015 Entry.) Notice of the trial court's order was issued to the parties on or about May 28, 2015.

No. 15AP-720

{¶ 6}   On June 11, 2015, the Clarks filed a motion for new trial and a motion for relief of judgment.  Each motion contained the identical argument, in which they asserted that the trial court's "attitude * * * was unreasonable, arbitrary and/or unconscionable" and, further, that the trial court had "abused its discretion by not considering all damages and liabilities and/or the merits; in fact [sic] the defendant['s] [sic] counterclaims or merits were ignored." (Defs.' Mot. for New Trial at 1; Defs.' Mot. for Relief from Jgmt. at 1.)  Paradise filed a memorandum contra on June 17, 2015.

{¶ 7}   On June 29, 2015, the trial court entered judgment denying the Clarks' motions.  The trial court noted that its entry and order of May 28, 2015 sustained Paradise's motion for a directed verdict and dismissed the Clarks' counterclaims because no evidence of damages had been presented at trial, a requirement to sustain the counterclaims.  Finding that the counterclaims had been addressed during trial, the trial court denied the motion for new trial.  The trial court also denied the Clarks' motion for relief of judgment because they had failed to show that they were entitled to the requested relief pursuant to Civ.R. 60(B).  The trial court noted further that a motion for relief from judgment should not be used as a substitute for appeal.  The trial court's order was journalized on June 29, 2015, and notice thereof was issued to the parties on or about June 30, 2015.

{¶ 8}   On July 29, 2015, the Clarks filed a notice of appeal of the judgments of the trial court "entered by said trial court on the 30th of July, 2015 [and] * * * on May 28, 2015," accompanied by a memorandum in support that contained a recitation of the Clarks' objections to the trial court's conduct and rulings, alleging bias and abuse of discretion on the part of the trial court and irregularities in the proceedings. (Notice of Appeal at 1.)  The trial court did not enter any judgment on July 30, 2015; rather, it entered judgment on June 29, 2015 on the Clarks' motion for new trial and motion for relief of judgment, both filed June, 11, 2015.  The Clarks did not attach a copy of either judgment entry to their notice of appeal.  The Clarks' did not timely appeal the May 28, 2015 judgment, so we lack jurisdiction over their appeal of that judgment.  However, in our exercise of discretion, it appears that the Clarks meant in their July 29, 2015 notice of appeal to appeal the June 29, 2015 decision of the trial court and not a nonexistent

No. 15AP-720

decision dated July 30, 2015.[1]  Therefore, we will review their appeal of the June 29, 2015 judgment.

## II. ASSIGNMENTS OF ERROR

{¶ 9}   The Clarks appeal from the trial court's June 29, 2015 judgment denying their motion for new trial and motion for relief of judgment, assigning three errors for this court's review:

> I. Failure to provide service of 05/28/15 judgment entry.
>
> II. Failure to set aside judgment and denial of motion for new trial.
>
> III. Denial of motion to vacate judgment.

## III.  DISCUSSION

{¶ 10} The Clarks' brief does not provide citations to the record in support of their assignments of error.  Instead, the brief sets forth their general contention that the trial court abused its discretion in ruling on motions during the bench trial held in the Franklin County Municipal Court in entering judgment unfavorable to the Clarks after trial, and in subsequently denying the Clarks' motions for a new trial and for relief of judgment.  The Clarks' brief does not set forth a factual or legal basis that establishes that the trial court judge abused his discretion.

### A.  First Assignment of Error

{¶ 11} The Clarks allege that the trial court did not properly serve them with the judgment entry that was entered on the trial court's docket May 28, 2015.  They contend that a judgment entry must be served according to procedures contained in Civ.R. 4.  They further contend that the clerk of court failed to follow those procedures, having used incorrect addresses for mailing the May 28, 2015 judgment entry to them.  They claim not to have received the judgment entry.  Consequently, they argue that the trial court's judgment must be vacated.

---

[1] App.R. 4(B)(2) sets forth exceptions to the appeal time period of App.R. 4(A).  In a civil case, if a party files a timely and appropriate motion for a new trial under Civ.R. 59, "the time for filing a notice of appeal from the judgment or final order in question begins to run as to all parties when the trial court enters an order resolving the last of these post-judgment filings." App.R. 4(B)(2)(b).

Here, the Clarks timely filed their motion for a new trial on their counterclaim (albeit without reference to Civ.R. 59) 14 days after the trial court issued its order dismissing the counterclaim.  On June 29, 2015, the trial court issued its order denying the Clarks' post-judgment request for a new trial.  The Clarks filed their notice of appeal of that order on July 29, 2015.

{¶ 12} Service of judgment entries is governed not by Civ.R. 4 but by Civ.R. 58(B) and, by incorporation, Civ.R. 5(B), which allows service by mailing the judgment entry to a party's last known address by United States mail, in which event service is complete upon mailing. Civ.R. 58(B) further provides that the clerk's failure to serve notice "does not affect the validity of the judgment or the running of the time for appeal except as provided in App.R. 4(A)."

{¶ 13} The record shows that, on or about May 28, 2015, the clerk of court served the May 28, 2015 judgment entry via ordinary United States Mail on April Clark at 1757 Sunapple Way, Columbus, Ohio 43232, and on Diamond Clark at 1766 Sunapple Way, Columbus, Ohio 43232. According to the trial court's records, these are the last known addresses for the Clarks. The trial court's records further show that the United States Postal Service returned both mailings to the clerk of court as undeliverable; the envelope returned to the clerk on June 3, 2015 bore a label that provided an address of "1780 Sunapple Way, Columbus Ohio 43232-7415," whereas the envelope returned to the clerk on June 8, 2015 bore a label with the information "not deliverable as addressed, unable to forward." (May 28, 2015 Notice of Court Order.) There is no evidence in the record that either of the Clarks notified the trial court of their change of address to 1780 Sunapple Way, Columbus, Ohio 43232 before May 28, 2015. Moreover, although the Clarks claimed that they never received the May 28, 2015 judgment entry, they filed motions on June 11, 2015 for a new trial "with respect to the judgement [sic] ordered on May 28, 2015" and for relief of judgment "with respect to the judgement [sic] ordered on May 28, 2015." (Jun. 11, 2015 Defs.' Mot. for New Trial at 1; Jun. 11, 2015 Defs.' Mot. for Relief of Jgmt. at 1.) The record indicates that, even if the Clarks failed to receive the May 28 judgment entry at their 1780 Sunapple Way address, they were aware of the judgment and filed motions regarding it 14 days after the judgment entry was filed and served by the clerk. Thus, the Clarks were not harmed by the mailing of the judgment entry to their addresses of record as of May 28, 2015.

## B. Second and Third Assignments of Error

{¶ 14} The Clarks' second and third assignments of errors are based on their assertions that the trial court abused its discretion by not considering certain evidence and legal arguments they had offered, or had desired to offer, at the bench trial before the trial court.

No. 15AP-720

{¶ 15} We note that the Clarks did not file a transcript of the trial court's proceedings. " ' "The duty to provide a transcript for appellate review falls upon the appellant. This is because the appellant bears the burden of showing error by reference to matters in the record." ' " *Lee v. Ohio Dept. of Job & Family Servs.*, 1oth Dist. No. 06AP-625, 2006-Ohio-6658, ¶ 10, quoting *Dailey v. R & J Commercial Contracting*, 10th Dist. No. 01AP-1464, 2002-Ohio-4724, ¶ 20, quoting *Fleisher v. Siffrin Residential Assoc., Inc.*, 7th Dist. No. 01-CA-169, 2002-Ohio-3002, ¶ 25, following *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). "Absent a transcript, this court must presume the regularity of the proceedings below and affirm the trial court's decision." *Lee* at ¶ 10, citing *Edwards v. Cardwell*, 10th Dist. No. 05AP-430, 2005-Ohio-6758, ¶ 4-6; *Dailey* at ¶ 20. " 'Where a party to an appeal fails to file portions of the transcript necessary for resolution of his assignments of error, the assignments will be overruled.' " *Lee* at ¶ 10, quoting *Maloney v. Maloney*, 34 Ohio App.3d 9 (11th Dist. 1986) syllabus. Here, a transcript of the proceedings is necessary for a thorough review of appellant's contentions. The Clarks' objections generally involve questions of fact. Without reviewing a transcript, this court cannot confirm the Clarks' conclusions regarding any bias or abuse of discretion on the part of the trial court, any irregularities in the proceedings, or the evidence presented at trial. Therefore, given the Clarks' failure to include a transcript of the proceedings before the trial court, upon review, this court must presume the regularity of the trial court's proceedings and affirm its judgment.

{¶ 16} Further, in reviewing a trial court's judgment following a bench trial, " 'an appellate court is "guided by the presumption" that the trial court's findings are correct.' " *Lee* at ¶ 11, quoting *Broadstone v. Quillen*, 162 Ohio App.3d 632, 2005-Ohio-4278, ¶ 18 (10th Dist.), citing *Patterson v. Patterson,* 3d Dist. No. 17-04-07, 2005-Ohio-2254, ¶ 26, quoting *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 79-80 (1984). We may not substitute our judgment for that of the trial court and must affirm the judgment if it is supported by some competent, credible evidence going to the essential elements of the case. *Lee* at ¶ 11, citing *Reilley v. Richards*, 69 Ohio St.3d 352 (1994); *Koch v. Ohio Dept. of Natural Resources,* 95 Ohio App.3d 193 (10th Dist.1994).

{¶ 17} The record before us indicates that the trial court's judgments entered on May 28 and June 29, 2015 were based on competent, credible evidence going to the

No. 15AP-720

essential elements of the case. *Lee.* The brief does not provide us with legal errors for review, and the lack of a transcript of proceedings before the trial court at its bench trial leaves us with nothing in the record that serves to overcome this presumption.

## IV. CONCLUSION

{¶ 18} Accordingly, the Clarks' three assignments of error are overruled, and the June 29, 2015 order of the Franklin County Municipal Court is affirmed.

*Judgment affirmed.*

KLATT, J., concurs.
DORRIAN, P.J., concurs in judgment only.

_____