[Cite as *Austin v. Abdi*, 2017-Ohio-7421.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

John W. Austin, Jr.,                          :

     Plaintiff-Appellant,              :

                                           No. 17AP-158

v.                                            :              (C.P.C. No. 16CV-7313)

Mohamed Abdi, et al.                          :              (REGULAR CALENDAR)

     Defendants-Appellees.             :


D E C I S I O N

Rendered on August 31, 2017


**On brief:** *John W. Austin, Jr.,* pro se. **Argued**: *John W. Austin, Jr.*

**On brief:** *Law Office of Daniel P. Whitehead, Daniel P. Whitehead*, and *Alix J. West*, for defendants-appellees. **Argued**: *Alix J. West.*

APPEAL from the Franklin County Court of Common Pleas

BRUNNER, J.

{¶ 1} This matter relates to the refiling of an action for money damages by plaintiff-appellant, John W. Austin, Jr., against defendants-appellees, Mohamed Abdi, Abdi Abdi, and GEICO Casualty Company. Austin appeals from a judgment of the Franklin County Court of Common Pleas that granted appellees' motion for summary judgment because Austin's refiling of the underlying case was untimely. For the following reasons, we affirm the judgment of the trial court.

## I. FACTS AND PROCEDURAL BACKGROUND

{¶ 2} The record indicates this matter relates to a motor vehicle accident Austin alleges occurred on September 2, 2012. Austin had previously brought his claims in a timely filed action before the trial court. Austin voluntary dismissed that case without prejudice pursuant to Civ.R. 41 on August 1, 2015, a Saturday. On August 4, 2015, the trial court

entered a decision granting Austin's motion and dismissed the case without prejudice. Austin refiled his case on August 4, 2016.

{¶ 3} On November 8, 2016, appellees filed a motion for summary judgment pursuant to Civ.R. 56. They argued that Austin's August 1, 2014 motion to dismiss actually was a self-executing voluntary dismissal pursuant to Civ.R. 41(A) that terminated the case on its filing. Based on R.C. 2305.19, they argued Austin was required to refile on or before August 1, 2016. Hence, they argued Austin's refiling was untimely under the statute.

{¶ 4} The trial court referred the matter to a magistrate pursuant to Civ.R. 53 and Loc.R. 99.02 of the Franklin County Court of Common Pleas, General Division. On November 24, 2016, Austin filed a motion to dismiss and deny appellees' motion for summary judgment to which appellees did not file a reply.

{¶ 5} On January 17, 2017, the magistrate conducted an evidentiary hearing to address appellees' motion for summary judgment. The hearing was recorded by electronic means. At the hearing, appellees were represented by legal counsel; Austin did not appear. Later that same date, the magistrate entered a decision, setting forth findings of fact and conclusions of law, granting appellees' motion for summary judgment. The magistrate found that, if Austin's previous motion to dismiss was electronically uploaded on Saturday, August 1, 2015, the filing would have been treated as having been filed on the next business day, i.e., Monday, August 3, 2015, in accordance with the trial court's administrative order governing e-filing, Section VIII. The magistrate therefore concluded that Austin's refiling on August 4, 2016 was one day past the statutory refiling deadline and time-barred.

{¶ 6} No party filed objections to the magistrate's decision, and on January 31, 2017, the trial court adopted the magistrate's decision, including the findings of facts and conclusions of law and granted appellees' motion for summary judgment, dismissing the matter.

{¶ 7} On February 28, 2017, Austin filed his notice of appeal pro se from the trial court's judgment. On May 1, 2017, he filed his brief. No transcript of the January 17, 2017 hearing has been filed.

## II. ASSIGNMENT OF ERRORS

{¶ 8} Austin's brief does not comply with App.R. 16(A)(3) because he failed to set forth specific assignments of error. As the appellant in this case, Austin was required to

include in his brief a statement of the assignments of error, with reference to the place or places in the record to which he assigns error.  Although Austin seeks to appeal from the trial court's judgment adopting the magistrate's decision, his brief omits any mention of the magistrate's decision or the trial court's adoption of it.  Instead, the brief appears to assert three arguments in support of Austin's contention that the refiled action was timely.[1]  Based on such lack of specificity or adherence to the rules of court, but cognizant of Austin's pro se status, at best, we infer from his brief that he is asserting as an assignment of error that the trial court's judgment involved plain error.

## III.  LAW AND DISCUSSION

{¶ 9}  Austin did not file with the trial court any objection to the magistrate's decision. Civ.R. 53(D)(3)(b)(i) provides that a party may file written objections to a magistrate's decision within 14 days after that decision is filed.  However, a party who fails to timely object to a magistrate's decision is limited by operation of Civ.R. 53(D)(3)(b)(iv) to the errors the party may assign on appeal:

> Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).

{¶ 10}  Because Austin did not object to the magistrate's decision, he waived all but plain error.  Austin, in his brief, does not reference where or how in the record error exists that would support his assertions that his action was timely refiled and that the trial court erred in finding otherwise.  Upon a plain error review, we find none.  Rather, we find that Austin has failed to demonstrate that the magistrate or court committed error, be it plain or otherwise.

{¶ 11}  Also problematic to Austin's prosecution of his appeal is the fact that he did not file with either the trial court or this Court a transcript of the January 17, 2017 hearing

---

[1] Austin first argues that August 4, 2016 is the applicable filing deadline, and the court records indicate he electronically refiled on that date.  (Appellant's Brief at 3, 7.)  He next argues that he electronically refiled before August 1, 2016 (apparently assuming arguendo that August 1, 2016 was the applicable deadline), and the Franklin County Clerk of Courts Office erred in indicating otherwise.  (Appellant's Brief at 3-4.)  Finally, he appears to argue that his refiling was timely because he mailed his complaint to appellees via the United States Postal Service on July 29, 2016.  (Appellant's Brief at 5, 7.)

before the magistrate. Under Civ.R. 53, he can only object on matters of law, but even then, a transcript is required. As for this Court's review, we have stated, " ' "[t]he duty to provide a transcript for appellate review falls upon the appellant. This is because the appellant bears the burden of showing error by reference to matters in the record." ' " *Lee v. Ohio Dept. of Job & Family Servs.*, 1oth Dist. No. 06AP-625, 2006-Ohio-6658, ¶ 10, quoting *Dailey v. R & J Commercial Contracting*, 10th Dist. No. 01AP-1464, 2002-Ohio-4724, ¶ 20, quoting *Fleisher v. Siffrin Residential Assoc., Inc.*, 7th Dist. No. 01-CA-169, 2002-Ohio-3002, ¶ 25, following *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980).

{¶ 12} Without a transcript, "this court must presume the regularity of the proceedings below and affirm the trial court's decision." *Lee* at ¶ 10, citing *Edwards v. Cardwell*, 10th Dist. No. 05AP-430, 2005-Ohio-6758, ¶ 4-6; *Dailey* at ¶ 20. " 'Where a party to an appeal fails to file portions of the transcript necessary for resolution of his assignments of error, the assignments will be overruled.' " *Lee* at ¶ 10, quoting *Maloney v. Maloney*, 34 Ohio App.3d 9 (11th Dist.1986), syllabus. Without a transcript, we can only presume the regularity of the trial court's proceedings and affirm its judgment. *Id.*

{¶ 13} The record before us indicates that the trial court did not abuse its discretion in adopting the magistrate's decision. The brief does not provide us with legal errors for review nor a transcript that would support any conclusion otherwise.

## IV. CONCLUSION

{¶ 14} Having thoroughly reviewed the entire record—what there is of it—we conclude that there was no plain error in the trial court's decision. Accordingly, the decision of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BROWN and LUPER SCHUSTER, JJ., concur.

———————