[Cite as *Walker v. Hughes*, 2017-Ohio-9029.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

James A. Walker, :

     Plaintiff-Appellee, :

                          No. 16AP-671

v. : (C.P.C. No. 16JU-7390)

Rhyan Hughes, :

     Defendant-Appellant. : (REGULAR CALENDAR)

---

D E C I S I O N

Rendered on December 14, 2017

---

**On brief:** *Elizabeth V. Westfall* for appellant.

---

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch

BRUNNER, J.

{¶ 1} This matter arises from the August 23, 2016 judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, sustaining the objection of plaintiff-appellee, James A. Walker, to a May 10, 2016 administrative order of the Child Support Enforcement Agency ("CSEA"). In sustaining Walker's objection, the trial court effectively reduced Walker's child support obligation to defendant-appellant, Rhyan Hughes, for the care and support of their minor child. For the following reasons, we affirm the judgment of the trial court.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Walker and Hughes are the biological father and mother, respectively, of a minor child. Hughes is the residential parent and legal custodian, and Walker is the child support obligor, paying child support and medical support in accordance with CSEA administrative orders.

{¶ 3}    On May 10, 2016, CSEA issued an administrative order for child support and medical support, designating Walker as the child support obligor.  Attached to the CSEA order was a child support computation worksheet that attributed to Walker an annual gross income of $23,982.40, plus overtime, bonuses, and commissions in the amount of $7,433.66, resulting in a total gross income of $31,416.06.  After certain adjustments to income were allowed, Walker's adjusted gross income was calculated to be $28,030.66.  The CSEA order prescribed Walker's annual and monthly child support obligation based on an adjusted gross income of $28,030.66.

{¶ 4}    On June 8, 2016, Walker filed with the trial court a complaint to set support (objection to CSEA administrative order), seeking review of the May 1o, 2016 CSEA order.  He cited his inability to pay as a basis for the review.

{¶ 5}    On June 23, 2015, Hughes filed a motion for an order from the trial court approving, adopting, and modifying the May 10, 2016 CSEA order.

{¶ 6}    Walker's objection was referred to a magistrate of the domestic relations division of the common pleas court, who heard the matter on August 15, 2016.  The record indicates that the magistrate heard sworn testimony from Walker, who was appearing pro se, and from Hughes, who was represented by counsel.  The magistrate subsequently issued a decision ordering Walker's objection be sustained and his complaint to set support be granted.  The record indicates a new child support worksheet was devised on August 15, 2016, listing Walker's annual gross income at $20,737.60, with no overtime, bonuses, or commissions.  After adjustments to income were allowed, Walker's adjusted gross income was recalculated to be $17,722.85, which served as the basis for recomputing his support obligation. The magistrate's decision and the August 15, 2016 child support worksheet were mailed to Walker and Hughes on August 16, 2016.

{¶ 7}    By judgment entry dated August 23, 2016, the trial court approved and adopted the magistrate's decision.  The trial court's judgment entry incorporated by reference the magistrate's decision entering that decision as the judgment of the trial court.

{¶ 8}    Nothing in the record indicates Hughes filed objections to the magistrate's decision.  Hughes, through counsel, filed this notice of appeal September 22, 2016 and, thereafter, filed her brief with this Court on December 6, 2016.  No transcript of the August 15, 2015 hearing has been filed.

## II. ASSIGNMENT OF ERROR

{¶ 9} Hughes presents a single assignment of error for our review:

> The trial court erred in calculating Appellee's gross income for purposes of child support computation pursuant to the Child Support Enforcement Agency Administrative Order Objection heard on August 15, 2016.

## III. DISCUSSION

{¶ 10} Preliminarily, we note Hughes did not file with the trial court any objection to the magistrate's decision. We note further the magistrate's decision satisfies the requirements of Civ.R. 53(D)(3)(a)(iii) and Juv.R. 40(D)(3)(a)(iii) by conspicuously stating:

> NOTICE TO ALL PARTIES:
>
> A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ. R. 53(D)(3)(a)(ii) or Juv. R. 40(D)(3)(a)(ii), unless the party timely and specifically objects to the factual finding or legal conclusion as required by Civ. R. 53(D)(3)(b) or Juv. R. 40(D)(3)(b).

(Emphasis omitted.) (Aug. 23, 2016 Decision & Entry at 2.)

{¶ 11} Civ.R. 53(D)(3)(b)(i) and Juv.R. 40(D)(3)(b)(i) provide that a party may file written objections to a magistrate's decision within 14 days after that decision is filed. However, a party who fails to timely object to a magistrate's decision is limited by operation of Civ.R. 53(D)(3)(b)(iv) and Juv.R. 40(D)(3)(b)(iv) to claims of plain error on appeal.

{¶ 12} Because Hughes did not object to the magistrate's decision, she waived all but plain error. Hughes, in her brief, argues the trial court erred in calculating Walker's gross income for purposes of computing child support without including income from overtime or bonuses. She submits the court can include overtime and bonuses in its computations if such were "earned during the previous calendar year or can be expected to be earned in during the current calendar year." (Hughes' Brief at 5.) In support of her argument, Hughes refers in her brief to testimonial and documentary evidenced adduced at the hearing:

> *During the testimony elicited at the hearing on August 15, 2016*, [Walker] *testified* that he earned only $20,737.60 as

> gross income from his employment and did not expect to earn any overtime for the calendar year 2016. The paystubs that he *presented* evidenced overtime earned during the calendar year 2016. [Walker] *testified* that he resigned the previous higher earning position for another job then came back to the previous employer when that did not pan out. Thus his gross income and overtime was [sic] reduced[.]

(Emphasis added.) *Id.* at 8.

{¶ 13} Problematic to Hughes' prosecution of her appeal is the fact that she did not file with either the trial court or this Court a transcript of the August 15, 2016 hearing before the magistrate. With respect to this Court's review, we have stated, " ' "[t]he duty to provide a transcript for appellate review falls upon the appellant. This is because the appellant bears the burden of showing error by reference to matters in the record." ' " *Lee v. Ohio Dept. of Job & Family Servs.*, 1oth Dist. No. 06AP-625, 2006-Ohio-6658, ¶ 10, quoting *Dailey v. R & J Commercial Contracting*, 10th Dist. No. 01AP-1464, 2002-Ohio-4724, ¶ 20, quoting *Fleisher v. Siffrin Residential Assoc., Inc.*, 7th Dist. No. 01-CA-169, 2002-Ohio-3002, ¶ 25, following *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980).

{¶ 14} Without a transcript, Hughes, in her brief, does not establish a factual or legal basis that supports her contention the trial court erred. And upon a plain error review, we find none. Rather, we find Hughes has failed to demonstrate the magistrate or trial court committed plain error.

{¶ 15} Without a transcript, "this court must presume the regularity of the proceedings below and affirm the trial court's decision." *Lee* at ¶ 10, citing *Edwards v. Cardwell*, 10th Dist. No. 05AP-430, 2005-Ohio-6758, ¶ 4-6; *Dailey* at ¶ 20. " 'Where a party to an appeal fails to file portions of the transcript necessary for resolution of his assignments of error, the assignments will be overruled.' " *Lee* at ¶ 10, quoting *Maloney v. Maloney*, 34 Ohio App.3d 9 (11th Dist.1986), syllabus. Under these circumstances, we cannot substitute our judgment for that of the trial court, presume evidence not offered, or facts not proved. Without a transcript we must presume the regularity of the trial court's proceedings and affirm its judgment on appellate review. *Id.*

{¶ 16} The record before us does not indicate the magistrate or trial court committed plain error or the trial court abused its discretion in adopting the magistrate's decision.

Hughes' brief does not provide us with legal errors for review that would or could support any conclusion other than that reached by the trial court and its magistrate.

## IV.  CONCLUSION

{¶ 17} Having thoroughly reviewed the entire record—what there is of it—we conclude there was no plain error in the trial court's decision.  Accordingly, Hughes' assignments of error is overruled, and the decision of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, is affirmed.

*Judgment affirmed.*

BROWN and HORTON, JJ., concur.

_____