[Cite as *Singer v. Adams*, 2019-Ohio-2410.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Oscar L. Singer, Jr., | : | |
| Plaintiff-Appellee, | : | |
| | | No. 18AP-833 |
| v. | : | (C.P.C. No. 17CV-1610) |
| Bret Adams, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on June 18, 2019

**On brief:** *Golden & Meizlish Co., LPA, Keith E. Golden, and Adam H. Karl* for appellant. **Argued:** *Adam H. Karl.*

**On brief:** *Bret Adams*, pro se.

APPEAL from the Franklin County Court of Common Pleas

PER CURIAM

{¶ 1} Defendant-appellant, Bret Adams, appeals from a judgment of the Franklin County Court of Common Pleas, pursuant to a bench trial, in favor of plaintiff-appellee, Oscar L. Singer, Jr. For the following reasons, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On February 14, 2017, Singer filed a complaint against Adams, as well as Bret Adams dba FMMF and FM2, LLC dba FMMF Fashion Music Festival[1] (herein collectively referred to as "defendants"), alleging (1) breach of contract for failure to repay a $50,000 loan Singer made to secure the performance of hip hop artist Ludacris at a music festival defendants were coordinating; (2) breach of contract for failure to pay plaintiff $6,000 for an Emergency Operations/Security Plan Singer provided for the music festival; (3) fraud;

---

[1] The caption of the complaint refers to "FMMF Fashion Music Festival," however the complaint itself refers to Fashion Meets Music Festival. *See* Compl. at ¶ 4. The court considers the entities to be one and the same and the terms will be used interchangeably.

(4) unjust enrichment; (5) promissory estoppel; and (6) punitive damages. Defendants filed an answer and counterclaim. The counterclaim[2] alleged one count of abuse of process. The counterclaim in effect alleged that Singer had abused process by naming Adams individually as a defendant in the case because Singer had wired the $50,000 to a bank account belonging to defendant FM2, LLC.

{¶ 3}   Upon Singer's motion, on May 8, 2019, the court granted Singer default judgment as to liability only against defendant FM2, LLC.

{¶ 4}   On September 24, 2018, the court held a bench trial. In the final judgment entry, the court found that based on the evidence presented at trial, and weighing the credibility of the parties, an oral contract existed between Singer and Adams for repayment of the loan to secure the performance of Ludacris. The court specifically noted that the contract was not between Singer and FM2, LLC dba FMMF Fashion Meets Music Festival. Rather, the court found that Adams was personally liable for the loan amount of $50,000, plus prejudgment interest from June 4, 2015 at the statutory rate, plus postjudgment interest at the statutory rate, plus costs. The court further found that a contract existed between Singer and defendant FM2, LLC dba FMMF Fashion Music Festival for payment of services in the amount of $6,000 plus interest at the statutory rate. The court found no evidence to support the claims of fraud and punitive damages and determined that the claims for  unjust enrichment and promissory estoppel "no longer have merit" given the court's decision regarding the breach of contract claims. (Oct. 8, 2018 Jgmt. Entry at 2.) The court noted that the final judgment entry was a final appealable order and there was no just cause for delay.

## II. ASSIGNMENT OF ERROR

{¶ 5}   Adams, pro se, filed a timely notice of appeal. He raises the following assignment of error:

> The Trial Court's October 3, 2018 Judgment Entry is against the  manifest  weight  of  the  evidence  because  the  evidence

---

[2] In its final judgment entry, the trial court did not address Adams' counterclaim. However, as noted in our decision, the judgment entry did state that it was a final appealable order and there is no just cause for delay. Furthermore, the court's determination that the contract for repayment of the loan was between Singer and Adams, not defendant FM2, LLC dba FMMF Fashion Music Festival, in effect determines the action and prevents a judgment in favor of Adams on his abuse of process counterclaim. R.C. 2505.02.

> and/or testimony did not support a finding that Mr. Adams was personally liable under an oral contract.

## III.  ANALYSIS

{¶ 6}  Adams argues that there was no manifestation of mutual assent to establish that he was acting other than in a corporate capacity.  In support of his argument, he states that Singer did not present evidence that amounted in effect to a written document, Singer failed to testify about the repayment terms or terms of breach and that Adams himself "testified that the discussions between himself, as a representative of FM2, LLC, and [Singer] were that repayment would occur from the proceeds of the festival." (Adams's brief at 6-7.)  He argues that Singer was inconsistent in his testimony and was caught several times contradicting his answers to requests for admissions.  Following these arguments at several points, Adams stated "(See Trial Transcript)" yet he did not specifically refer to what portions of the transcript, if any, supported his arguments.  *Id.*  As noted above, he also referred to Singer's answers to requests for admissions.

{¶ 7}  The record before us does not contain a transcript of the bench trial and does not contain answers to requests for admissions.  Therefore, this court is unable to review Adams's assignment of error and must overrule the same.

{¶ 8}  " ' "The duty to provide a transcript for appellate review falls upon the appellant. This is because the appellant bears the burden of showing error by reference to matters in the record." ' "  *Lee v. Ohio Dept. of Job & Family Servs.*, 1oth Dist. No. 06AP-625, 2006-Ohio-6658, ¶ 10, quoting *Dailey v. R & J Commercial Contracting, Inc.*, 10th Dist. No. 01AP-1464, 2002-Ohio-4724, ¶ 20, quoting *Fleisher v. Siffrin Residential Assoc., Inc.*, 7th Dist. No. 01-CA-169, 2002-Ohio-3002, ¶ 25, following *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980).  "Absent a transcript, this court must presume the regularity of the proceedings below and affirm the trial court's decision."  *Lee* at ¶ 10, citing *Edwards v. Cardwell*, 10th Dist. No. 05AP-430, 2005-Ohio-6758, ¶ 4-6; *Dailey* at ¶ 20.  " 'Where a party to an appeal fails to file portions of the transcript necessary for resolution of his assignments of error, the assignments will be overruled.' "  *Lee* at ¶ 10, quoting *Maloney v. Maloney*, 34 Ohio App.3d 9 (11th Dist.1986), syllabus.  Further, in reviewing a trial court's judgment following a bench trial, " 'an appellate court is "guided by the presumption" that the trial court's findings are correct.' "  *Lee* at ¶ 11, quoting *Broadstone v. Quillen*, 162 Ohio App.3d 632, 2005-Ohio-4278, ¶ 18 (10th Dist.), citing

*Patterson v. Patterson*, 3d Dist. No. 17-04-07, 2005-Ohio-2254, ¶ 26, quoting *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 79-80 (1984).

{¶ 9}   Accordingly, Adams's assignment of error is overruled.

## IV.  CONCLUSION

{¶ 10}  Having overruled Adams's assignment of error, the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

KLATT, P.J., DORRIAN, J., and NELSON, J.