[Cite as *Herren v. Herren*, 2020-Ohio-1010.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Christopher L. Herren, | : | |
| Plaintiff-Appellee, | : | No. 19AP-271 |
| | | (C.P.C. No. 12DR-4537) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Carrie Herren, | : | |
| Defendant-Appellant. | : | |

---

D E C I S I O N

Rendered on March 17, 2020

---

**On brief:** *Teresa Villarreal.* **Argued:** *Teresa Villarreal.*

**On brief:** *Carrie Herren*, pro se. **Argued:** *Carrie Herren.*

---

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations and Juvenile Branch

KLATT, J.

{¶ 1} Defendant-appellant, Carrie Herren, pro se, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations and Juvenile Branch, granting the motion filed by plaintiff-appellee, Christopher L. Herren, to modify the parties' shared parenting plan as to their minor child and denying appellant's motions to reallocate parental rights and responsibilities and restore custody of the child to her. For the following reasons, we affirm.

{¶ 2} The parties were married in 2008 and are the parents of a minor child. In 2012, appellee filed a complaint for divorce. The trial court issued a decree of divorce on July 1, 2015, which incorporated the parties' shared parenting plan. On August 11, 2015, the

trial court adopted the parties' July 27, 2015 amended shared parenting plan, pursuant to which appellant was named residential parent for school placement purposes and appellee was granted parenting time and ordered to pay child support.

{¶ 3} On February 27, 2018, appellee filed a motion to modify the amended shared parenting plan to designate him as residential parent for school placement purposes and an ex parte motion for emergency custody ("ECO"). Following the March 27, 2018 hearing on the ECO[1], the trial court issued an interim order granting appellee temporary custody of the child. Following a May 21, 2018 hearing on appellee's motion to modify the amended shared parenting plan, an agreed interim magistrate's order was filed establishing appellant's parenting time with the child and restricting certain persons in appellant's household from having contact with the child. Additional interim orders regarding parenting time and other matters were issued in October and November 2018.

{¶ 4} Commencing on November 28, 2018, the magistrate held a trial on appellee's motion. Per agreement of the parties, the trial was continued for the purpose of drafting a new shared parenting plan. During the continuance period, appellant changed her position on shared parenting and, on December 17, 2018, filed a motion to restore custody of the child to her and a motion to reallocate parental rights and responsibilities. In these filings, appellant sought an order designating her as the residential parent and sole legal custodian of the child.

{¶ 5} The parties agreed to have the magistrate render a decision on their respective motions based on the evidence presented during the November 2018 trial proceedings and an additional trial date on December 19, 2018. Over the course of the trial, the magistrate heard sworn testimony from appellant, who appeared pro se, from appellee, who was represented by counsel, and from the child's guardian ad litem ("GAL").[2] In addition, the magistrate conducted an in camera interview of the child. Both parties and the GAL presented documentary evidence.

{¶ 6} On March 13, 2019, the magistrate issued a decision, including findings of fact and conclusions of law, granting appellee's motion to modify the amended shared parenting plan and denying appellant's motions to reallocate parental responsibilities and

---

[1] The record indicates that appellant did not attend the hearing on the ECO.

[2] The magistrate's decision also indicates that two of the child's half-brothers also testified.

restore custody to her.  The magistrate designated appellee as residential parent for school placement purposes and terminated his child support obligation effective February 27, 2018.   Appellant was awarded parenting time pursuant to Loc.R. 27, Option D, of the Franklin County Court of Common Pleas, Division of Domestic Relations and Juvenile Branch.   In a judgment entry filed April 1, 2019, the trial court approved and adopted the magistrate's decision.

{¶ 7}   Appellant has appealed the trial court's judgment, setting forth three assignments of error for this court's review:

>  [I]. The trial court erred and abused its discretion by granting father residential parenting rights on unfounded allegations.
>
>  [II]. The trial court erred and abused its discretion in giving appellee assigned ECO, for school purposes while dismissing appellee's action living in Kentucky against court orders to remain in the state.
>
>  [III].   The trial court erred and abused its discretion of dismissing appelee's (sic) previous history regarding R.C. 3109.04(F)(2)(c) and 3109.04(F)(1)(h)[.]

{¶ 8}   As appellant's assignments of error are interrelated, we will address them together. Preliminarily, we note that appellant did not file objections to the magistrate's decision.[3] Civ.R. 53(D)(3)(b)(i) provides that "[a] party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)."  A party who fails to timely object to a magistrate's decision is limited by operation of Civ.R. 53(D)(3)(b)(iv) to claims of plain error on appeal. "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." *Freedom Mtge. Corp. v. Groom,* 10th Dist. No. 08AP-761, 2009-Ohio-4482, ¶ 26, citing Civ.R. 53(D)(3)(b)(iv). *See also Hadden Co., L.P.A. v.*

---

[3] The magistrate's decision satisfied the requirements of Civ.R. 53(D)(3)(a)(iii) by conspicuously stating: "A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii) * * * unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b)." (Emphasis omitted.) (Mar. 13, 2019 Decision & Entry at 25.)

*Zweier,* 10th Dist. No. 15AP-210, 2016-Ohio-2733, ¶ 18 (concluding that an argument raised for the first time on appeal is not properly before the appellate court where the appellant failed to object to the magistrate's decision on that basis).

{¶ 9}   In the argument portion of her brief, appellant contends that the trial court erred in granting appellee's ex parte motion for an ECO and his motion to modify the shared parenting plan because "no evidence was proven to the courts to merit this change." (Appellant's brief at 4.)   Appellant further claims that the trial court erred in failing to consider appellee's move to Kentucky against court orders to remain in Ohio and his previous history of domestic violence.

{¶ 10} Unfortunately, our review of appellant's evidentiary arguments, even under a plain error standard of review, is constrained by appellant's failure to file with either the trial court or this court a transcript of the hearing before the magistrate.  "The duty to provide a transcript for appellate review falls upon the appellant.  This is because the appellant bears the burden of showing error by reference to matters in the record." *Lee v. Ohio Dept. of Job & Family Servs.,* 10th Dist. No. 06AP-625, 2006-Ohio-6658, ¶ 10. (Further citations omitted.)  Without a transcript, "this court must presume the regularity of the proceedings below and affirm the trial court's decision."  *Id.* "Where a party to an appeal fails to file portions of the transcript necessary for resolution of [the] assignments of error, the assignments will be overruled."  *Id.*

{¶ 11} Moreover, review of the magistrate's decision reveals that in addressing R.C. 3109.04(F)(1)(j), which concerns "[w]hether either parent has established a residence, or is planning to establish a residence, outside this state," the magistrate considered appellee's brief move to Kentucky in April/May 2018 and noted appellee's testimony that he had no intention of moving again.  The magistrate also addressed R.C. 3109.04(F)(1)(h) and determined that "[n]either parent has been convicted or charged with child abuse" and that "[t]here have been no abuse/neglect cases opened on either parent regarding the child." (Mar. 13, 2019 Mag. Decision at 10.)   In addition, the magistrate addressed R.C. 3109.04(F)(2)(c), which concerns "[a]ny history of, or potential for, child abuse, spouse abuse, other domestic violence, or parental kidnapping by either parent," finding that appellee had failed to present sufficient evidence to support his allegations that appellant's son was abusive toward the child.  To the extent appellant argues on appeal that the

magistrate did not address alleged domestic violence and aggravated menacing charges against appellee from 2012, this court has no way of knowing, absent a transcript of the trial, whether appellant raised this issue before the magistrate.

{¶ 12} While this court is sympathetic to pro se litigants, they are in fact held to the same standard as attorneys admitted to the practice of law. *Zukowski v. Brunner,* 125 Ohio St.3d 53, 2010-Ohio-1652, ¶ 8. Because the minimal record before us does not indicate that the magistrate or trial court committed plain error in this matter, appellant's three assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas, Domestic Relations Division and Juvenile Branch, is affirmed.

*Judgment affirmed.*

LUPER SCHUSTER and BEATTY BLUNT, JJ., concur.