[Cite as *Conner v. Thompson*, 2025-Ohio-3161.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| Da'Shone Conner, | : | | |
| Plaintiff-Appellant, | : | No. 25AP-284 | |
| | | (C.P.C. No. 22DR-1898) | |
| v. | : | | |
| | | (ACCELERATED CALENDAR) | |
| Stephanie Thompson et al., | : | | |
| Defendants-Appellees. | : | | |

D E C I S I O N

Rendered on September 4, 2025

**On brief:** *Da'Shone Conner*, pro se. **Argued:** *Da'Shone Conner*.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

LELAND, J.

{¶ 1} Plaintiff-appellant, Da'Shone Conner ("father"), challenges a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, that adopted a magistrate's decision granting motions of defendant-appellee, Stephanie Thompson ("mother"), to modify the custody and child support arrangements for the parties' minor children.

## I. Facts and Procedural History

{¶ 2} The parties divorced on November 21, 2023. They have three minor children that were born as issue of their marriage. In their original shared parenting plan, filed November 16, 2023, the parties split parenting time and designated mother as the residential parent for school placement purposes. The plan deviated father's child support and cash medical support obligations to zero.

{¶ 3} Mother has since filed motions in the trial court to modify the shared parenting plan. On April 18, 2024, she filed a motion for change of parental rights and responsibilities, seeking to alter the custody arrangement of the children. On July 15, 2024, mother filed a motion for contempt against father. On October 2, 2024, she filed a motion to modify child support. On January 11, 2025, mother filed a motion for an in camera interview, though this was eventually voluntarily withdrawn.

{¶ 4} The magistrate held hearings on January 13 and 21, 2025. The record on appeal does not include any transcripts of the trial court's proceedings. On February 19, 2025, the magistrate entered a decision into the record granting mother's motions to modify the parties' custody arrangements and child support levels, but denying the motion for contempt. Neither party objected to the magistrate's decision. On February 24, 2025, the court adopted the magistrate's decision as its own.

{¶ 5} Father timely appealed.

## II. Assignments of Error

{¶ 6} Father assigns the following errors for our review:

[I.] The trial court erred by limiting Appellant's parenting time without finding him unfit, in violation of Santosky v. Kramer and Troxel v. Granville.

[II.] The trial court erred by excluding relevant third-party evidence in violation of Washington v. Texas and Stanley v. Illinois.

[III.] The court imposed a child support obligation without an ability-to-pay hearing, violating Turner v. Rogers.

[IV.] The trial court's reliance on federally incentivized enforcement mechanisms created a structural bias, in violation of Caperton v. A.T. Massey Coal Co.

[V.] The court's mandate requiring use of a third-party communication app infringed on Appellant's parental rights without strict scrutiny.

## III. Discussion

{¶ 7} Two procedural issues with the present appeal limit our review. First, father did not file written objections to the magistrate's decision. "[A]ny party that failed to object to the magistrate's decision before the trial court cannot raise objections before the

appellate court except to assert that plain error is evident in the trial court's decision." *Davis v. Davis*, 2018-Ohio-3180, ¶ 9 (10th Dist.). *See* Civ.R. 53(D)(3)(b)(iv) ("Except for a claim of plain error, a party may not appeal a trial court's adoption of a magistrate's factual finding or legal conclusion unless the party has first objected to that finding or conclusion in the trial court."); *Community Properties of Ohio Mgt. v. Smith*, 2023-Ohio-540, ¶ 12 (10th Dist.).

{¶ 8}   Second, father did not file a transcript of the trial court proceedings into the record.  A party challenging a magistrate's findings of fact must support an objection with a transcript of the relevant evidence, and the transcript must be included in the appellate record for review.  *Franklin Cty. Children Servs. v. Copley*, 2022-Ohio-3406, ¶ 12 (10th Dist.), citing Civ.R. 53(D)(3)(b)(iii) and App.R. 9(B)(1).  It is the concomitant duty of the appellant to show error by reference to matters in the record and to provide a transcript for appellate review.  *Lee v. Ohio Dept. of Job & Family Servs.*, 2006-Ohio-6658, ¶ 10 (10th Dist.).  "Absent a transcript, this court must presume the regularity of the proceedings below and affirm the trial court's decision."  *Id.*, citing *Edwards v. Cardwell*, 2005-Ohio-6758, ¶ 4-6 (10th Dist.).  Furthermore, father attached documents to his appellate brief and cites to them for support.  "Pursuant to App.R. 12(A)," however, "we are confined to reviewing the record as defined by App.R. 9(A)."  *Kosa v. Pruchinsky*, 82 Ohio App.3d 649, 651 (9th Dist. 1992).  The documents attached to father's brief are not part of the record, so we are unable to consider them.  Keeping in mind these procedural limitations, we now proceed to address the assignments of error.

{¶ 9}   Father's first assignment of error argues the trial court was required to find him unfit before limiting his parenting time.  Under Ohio law, a court may modify a shared parenting plan if the modification is necessary to serve the best interest of the children involved.  *See* R.C. 3109.04(E); *Watson v. Watson*, 2023-Ohio-3719, ¶ 17 (10th Dist.).  Here, the court's magistrate thoroughly considered the best-interest factors required by R.C. 3109.04(F)(1).  Having found no error, let alone plain error, in the court's decision to modify the shared parenting plan, we overrule the first assignment of error.

{¶ 10}  Father's second assignment of error contends the trial court improperly excluded relevant third-party evidence.  The third-party evidence father cites, however, is not a part of the record.  Rather, it is included merely as an attachment to father's brief.  As

already discussed, we are unable to consider exhibits attached to the brief as those do not constitute the record on appeal. Also given the lack of an available transcript, we must presume regularity in the court's proceedings. We thus find no error, let alone plain error, in the court's apparent exclusion of father's third-party evidence. Accordingly, we overrule the second assignment of error.

{¶ 11} Father's third assignment of error posits the trial court erred in imposing a child support obligation without first holding a hearing to assess his ability to pay. The court's judgment granting mother's motion to modify child support included a detailed accounting of mother's financial situation. In discussing father's financial outlook, the court noted, "[f]ather testified he remains employed in the same capacity as a mail handler with the Postal Service as he was at the time of the parties' divorce. Father did not testify that his income or employment has changed since the time of the parties' divorce." (Mag.'s Decision at 23.) The court also cited mother's testimony that claimed father's annual income at the time of their divorce was $49,200, and also that father did not respond to mother's requested discovery to determine father's employment information. Although our review is limited by the lack of a transcript, it appears the court made reasonable efforts to determine the finances of both mother and father. Mother, however, was the only party to cooperate with the court's efforts. Having found no error, let alone plain error, in the court's modification of its child support order, we overrule the third assignment of error.

{¶ 12} Father's fourth assignment of error asserts the trial court's reliance on federally incentivized enforcement mechanisms created a structural bias. Father specifically claims the court's entanglement with Title IV-D funding created an appearance of bias, citing to an attachment to his brief. To reiterate, we are unable to consider this attachment as it is not part of the record on appeal. It is the burden of an appellant to show how precisely the court erred, and, unfortunately, father's brief does not adequately explain the connection between this funding issue and the court's order modifying the parties' shared parenting plan. We find neither error nor plain error in the court's judgment. Accordingly, we overrule the fourth assignment of error.

{¶ 13} Father's fifth assignment of error maintains the trial court erred in ordering the use of a third-party communication application. Father does not explicate how the order to communicate through a third-party application constitutes plain error. Lacking a

transcript, we presume the regularity of the court's proceedings and find neither error nor plain error.  Accordingly, we overrule the fifth assignment of error.

{¶ 14}  Although we were not persuaded to reverse the judgment of the trial court, it is apparent that father loves his children.  We commend his desire to spend more time with his children and anticipate he will remain an important figure in their lives.

## IV.  Conclusion

{¶ 15}  Having overruled father's five assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.

*Judgment affirmed.*

JAMISON, P.J., and DINGUS, J., concur.

_____