OPINION
{¶ 1} Respondent-appellant, Nicole Cardwell, appeals from an order of protection dated May 3, 2005, entered by the Franklin County Court of Common Pleas pursuant to R.C. 2903.214 which prohibits appellant from having any contact with petitioner-appellee, Kathy Edwards, and appellee's family or household members, for five years. Because appellant failed to present any assignments of error and because appellant failed to file a transcript of the proceedings below, we affirm.
 {¶ 2} On April 28, 2005, appellee filed a petition for a civil stalking protection order against appellant pursuant to R.C. 2903.214. Appellee sought relief for herself and her three children. Appellee alleged that appellant had been harassing her since February 2004. Appellee further alleged that she was afraid because appellant stated to her that appellant had a gun and that appellant threatened to damage her property. The trial court conducted an ex parte hearing on April 28, 2005 and entered an order of protection that expired on May 3, 2005. Appellant was subsequently served with a copy of the April 28, 2005 civil stalking protection order.
 {¶ 3} The matter came on for hearing before a magistrate on May 3, 2005. Following the hearing, the magistrate determined that appellant had engaged in multiple acts of telephone harassment against appellee and had threatened to damage appellee's property. The magistrate also found that on two occasions, appellant drove by and circled in front of appellee's residence for no apparent reason other than to harass appellee. Based upon these factual findings, the magistrate determined that appellant had engaged in menacing by stalking as defined by R.C.2903.211. The trial court approved and adopted the magistrate's findings and conclusions and entered an order of protection dated May 3, 2005 prohibiting appellant from having any contact with appellee or appellee's family or household members for five years. That same day, appellant filed a handwritten notice of appeal from the order of protection.[1]
 {¶ 4} We first note that appellant's brief fails to set forth any assignments of error. Instead, appellant provides a handwritten narrative of her version of the underlying facts that gave rise to the court's issuance of the civil protection order. App.R. 16 expressly requires an appellant to set forth assignments of error. Assignments of error should designate specific rulings which the appellant wishes to challenge on appeal. Dailey v. R. J. Commercial Contracting, Franklin App. No. 01AP-1464, 2002-Ohio-4724, at ¶ 17, quoting Taylor v.Franklin Blvd. Nursing Home, Inc. (1996), 112 Ohio App.3d 27,32. Without assignments of error, an appellate court has nothing upon which to rule. The fact that appellant is acting pro se is immaterial because a pro se person "`is held to the same rules, procedures and standards as those litigants represented by counsel and must accept the results of her own mistakes and errors.'" Id. at ¶ 17, quoting Dornbirer v. Paul (Aug. 19, 1997), Franklin App. No. 96APE11-1560, discretionary appeal not allowed, 80 Ohio St.3d 1476.
 {¶ 5} Even if we were to interpret appellant's narrative as a challenge to the trial court's factual findings, the record does not include a transcript of the proceedings below.[2] "`The duty to provide a transcript for appellate review falls upon the appellant. This is because the appellant bears the burden of showing error by reference to matters in the record.'" Dailey,
supra, at ¶ 20, quoting Fleisher v. Siffrin Residential Assoc.,Inc., Mahoning App. No. 01-CA-169, 2002-Ohio-3002, at ¶ 25, following Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199. Absent a transcript, this court must presume the regularity of the proceedings below and affirm the trial court's decision. Dailey, supra, at ¶ 20. "Where a party to an appeal fails to file portions of the transcript necessary for resolution of his assignments of error, the assignments will be overruled."Maloney v. Maloney (1986), 34 Ohio App.3d 9, syllabus.
 {¶ 6} Accordingly, to the extent appellant has even set forth an assignment of error, it is overruled and the order of the Franklin County Court of Common Pleas is affirmed.
Order affirmed.
Sadler and French, JJ., concur.
[1] We also note that on May 4, 2005, appellant, acting pro se, filed a "Notice of Objection to Magistrate Browning Decision." This handwritten pleading purports to appeal the order of protection and to object to the magistrate's decision. The pleading does not set forth the basis for any objection.
[2] The record does reflect a request to file transcript signed by appellant.