[Cite as *18AP-11*, 2018-Ohio-2274.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Roger Studley, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 18AP-11 |
| v. | : | (M.C. No. 2017 CVI 13752) |
| Zachary Biehl, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on June 12, 2018

**On brief:** *Roger Studley*, pro se. **Argued:** *Roger Studley.*

APPEAL from the Franklin County Municipal Court,
Small Claims Division

BRUNNER, J.

{¶ 1} Plaintiff-appellant, Roger Studley, appeals from a judgment of the Franklin County Municipal Court, Small Claims Division, entered on December 7, 2017 in favor of defendant-appellee, Zachary Biehl, on a counterclaim in the amount of $6,000 plus costs and interests. For the following reasons, we affirm the trial court's decision.

## I. FACTS AND PROCEDURAL BACKGROUND

{¶ 2} This matter arose in connection with a home renovation contract dispute. In January 2016, Studley and his wife, Margaret Studley, entered into a general contractor agreement with Zachary Biehl/Z1 Construction for certain renovations to a home they owned at 4105 Fenwick Road, Upper Arlington, Ohio ("the home"). The record indicates that the relationship between the Studleys and Biehl deteriorated to the point that Biehl ceased all work on the home. Biehl had left tools/equipment at the Studleys' home at the time he ceased working on it.

{¶ 3}   On April 25, 2017, Studley filed a complaint against Biehl in the Small Claims Division of the Franklin County Municipal Court.  Studley alleged that Biehl had failed to complete the renovation in a timely fashion.  Studley sought judgment against Biehl in the amount of $6,000 for appliances Studley had paid for but had not received, kitchens cabinets that had been removed from the home, and work that Biehl had not performed.

{¶ 4}   On May 30, 2017, Biehl filed a counterclaim against Studley alleging that Studley had breached the contract, including failing to pay the entire amount owed to Biehl for services rendered. Biehl further alleged that Studley was illegally withholding Biehl's equipment.  Biehl sought judgment against Studley in the amount of $6,000.

{¶ 5}   On August 29, 2017, the parties' competing claims were heard by a magistrate of the Small Claims Division for trial.  Studley appeared and represented himself. Biehl appeared and was represented by counsel.  On December 5, 2017, the magistrate issued a written decision, including findings of facts and conclusions of law.  Based on the testimony and evidence presented, the magistrate found that Studley had failed to prove by a preponderance of the evidence a right to recover against Biehl and that Biehl did not owe Studley any money.  The magistrate also found that Biehl had proved his counterclaim by a preponderance of the evidence.  The magistrate stated:

> There is unrefuted testimony regarding [Studley's] failure to return all of the equipment owned by [Biehl]. The stated value of this property is $2,000.00 and [Biehl] is entitled to said amount.
>
> As to amount still owed to [Biehl], the Court finds that the amount is $15,859.55. [Biehl] has submitted to the jurisdiction of this Court and is requesting a total of $6,000.00.
>
> Judgment for [Biehl] on counterclaim in the amount of $6,000.00, plus costs and interest from the date of judgment.

(Dec. 5, 2017 Mag. Decision at 3.)

{¶ 6}   By judgment entry filed December 7, 2017, the trial court adopted the magistrate's decision and entered judgment for Biehl on the counterclaim in the amount of $6,000, plus court costs and interest.

{¶ 7}   Nothing in the record indicates Studley filed objections to the magistrate's decision.  Studley filed notice of this appeal on January 4, 2018, and filed his brief with this Court on January 23, 2018. No transcript of the August 29, 2017 trial appears in the record.

## II. ASSIGNMENT OF ERRORS

{¶ 8}  Studley presents a single assignment of error for our review:

> The municipal small claims court committed plain error by failing to address and adequately adjudicate the appellant's claim that the appellee converted moneys paid for kitchen appliances to his own use.

## III.  LAW AND DISCUSSION

{¶ 9}  At the outset, we note that Studley did not file with the trial court written objections to the magistrate's decision.  The magistrate's decision satisfies the requirements of Civ.R. 53(D)(3)(a)(iii) in that it contains the following conspicuous language:

> A party shall not assign as error on appeal the court's adoption
> of any findings of fact or conclusion of law contained in this
> decision unless the party timely and specifically objects to the
> finding or conclusion. Civ. R. 53(D)3 [sic].

(Mag. Decision at 3.)

{¶ 10}  Civ.R. 53(D)(3)(b)(i) provides that a party may file written objections to a magistrate's decision within 14 days after the magistrate's decision is filed.  A party who does not timely object to a magistrate's decision has limited options on appeal.  Because Studley did not file with the trial court any objections to the magistrate's decision, no objections other than plain error can by reviewed by this Court now.  He has waived all but plain error.

{¶ 11}  Studley argues in his appellate brief that it was plain error for the trial court not "to give proper credit to the payments made by [Studley] to [Biehl] for change orders, including the purchase of the [kitchen] appliances."  (Studley Brief at 6.)  Studley argues that the evidence presented at trial established that he had issued a payment of $26,915.25 to Biehl, $5,109 of which was for kitchen appliances, with the remainder to be applied to change orders.  He further argues that Biehl neither delivered the appliances nor returned the money attributable to their cost but, rather, that Biehl claimed to have applied the entire amount to change orders Studley had requested.  Studley acknowledges and "is willing to accept" Biehl's assertion that the amount of the change orders was $15,859.55, "as it appears as that is what the lower court did." *Id.*  Studley argues that "the record is void of any evidence supporting the fact that [Biehl] did not convert the moneys paid by [Studley] for kitchen appliances to his own use." (Emphasis omitted.) *Id.* at 3.  Studley further argues

that the trial court "made the simple mistake of not recognizing that [Studley] had fully paid [Biehl] for all the work performed, including covering the costs of [Biehl] losing or misplacing $2,000.00 * * * worth of tools on the job site." *Id.* at 7-8. He contends that Biehl still owes him the $5,109 intended for the kitchen appliances and that Biehl converted this amount of funds to his own use. Studley's arguments sound in fact and not in law, and he is thus limited even further.

{¶ 12} Studley did not file with either the trial court or this Court a transcript of the August 29, 2017 trial before the magistrate. We must therefore rely on the magistrate's findings of fact as adopted by the trial court, because there is no other evidence before us to review. Studley and our review are bound by the rule and applied legal precedent that, " ' "[t]he duty to provide a transcript for appellate review falls upon the appellant. This is because the appellant bears the burden of showing error by reference to matters in the record." ' " *Lee v. Ohio Dept. of Job & Family Servs.*, 1oth Dist. No. 06AP-625, 2006-Ohio-6658, ¶ 10, quoting *Dailey v. R & J Commercial Contracting*, 10th Dist. No. 01AP-1464, 2002-Ohio-4724, ¶ 20, quoting *Fleisher v. Siffrin Residential Assoc., Inc.*, 7th Dist. No. 01-CA-169, 2002-Ohio-3002, ¶ 25, following *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980).

{¶ 13} Without a transcript, we "must presume the regularity of the proceedings below and affirm the trial court's decision." *Lee* at ¶ 10, citing *Edwards v. Cardwell*, 10th Dist. No. 05AP-430, 2005-Ohio-6758, ¶ 4-6; *Dailey* at ¶ 20. " 'Where a party to an appeal fails to file portions of the transcript necessary for resolution of his assignments of error, the assignments will be overruled.' " *Lee* at ¶ 10, quoting *Maloney v. Maloney*, 34 Ohio App.3d 9 (11th Dist.1986), syllabus.

{¶ 14} We find no plain error under the law. Nor do we find plain error in reaching conclusions of fact, because we have no transcript by which to make a comparison of the factual findings to what evidence was actually adduced before the magistrate and reviewed by the trial court. We are not permitted nor would we attempt to substitute our judgment for that of the trial court. In keeping with this restrained role, we cannot presume evidence other than what appears in the record, nor can we presume evidence not offered or facts not proved. Without a transcript, we must presume the regularity of the trial court's proceedings and affirm its judgment on appellate review. *Lee* at ¶ 10.

{¶ 15} We find no indications in the record that the magistrate or trial court committed plain error.  Accordingly, we sustain the decision of the trial court in adopting the decision of its magistrate.

## IV.  CONCLUSION

{¶ 16} Having thoroughly reviewed the entire record—what there is of it—we find no plain error in the trial court's decision.  Studley's single assignment of error is overruled, and the decision of the Franklin County Municipal Court, Small Claims Division, is affirmed.

*Judgment affirmed.*

BROWN, P.J., and TYACK, J., concur.

_____