[Cite as *Brisco v. U.S. Restoration & Remodeling, Inc.*, 2019-Ohio-5318.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Samuel Lee Brisco, Jr. et al., | : | |
| Plaintiffs-Appellants, | : | |
| [Kevin J. O'Brien et al., | : | No. 18AP-109 |
| | | (C.P.C. No. 12CV-2577) |
| Appellants], | : | |
| | | (REGULAR CALENDAR) |
| v. | : | |
| U.S. Restoration & Remodeling, Inc. et al., | : | |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on December 24, 2019

**On brief:** *Kevin O'Brien & Associates Co., L.P.A., Kevin J. O'Brien*, and *Jeffrey A. Catri*, for appellants. **Argued:** *Jeffrey A. Catri.*

**On brief:** *The Tyack Law Firm Co., L.P.A., James P. Tyack*, and *Holly B. Cline*, for appellees. **Argued:** *James P. Tyack.*

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Plaintiffs-appellants Samuel Lee Brisco, Jr. and Ruth A. Brisco ("plaintiffs"), and appellants, Kevin J. O'Brien and Jeffrey A. Catri ("plaintiffs' counsel" and when combined with plaintiffs, "appellants"),[1] appeal the January 16, 2018 decision and judgment entry of the Franklin County Court of Common Pleas adopting the magistrate's decision awarding sanctions to defendants-appellees, U.S. Restoration & Remodeling, Inc.,

---

[1] We note that although appellants O'Brien and Catri were counsel in the underlying matter, for ease of discussion, we refer to them together with plaintiffs for purposes of discussion here.

Joshua Kanode, Daniel L. Sechriest, and Karen T. Chumley (collectively, "appellees"). For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} This appeal follows our September 1, 2015 decision in *Brisco v. U.S. Restoration & Remodeling, Inc.*, 10th Dist. No. 14AP-533, 2015-Ohio-3567. As we thoroughly discussed the factual and procedural history of this matter in our prior decision, we adopt such discussion here. *See Brisco* at ¶ 2-7. In our decision, we found the trial court did not abuse its discretion by striking plaintiffs' memorandum contra appellees' motion for summary judgment. Next, we found the trial court did not err by granting summary judgment in favor of appellees because plaintiffs failed to respond, by affidavit or as otherwise provided under Civ.R. 56, with specific facts demonstrating a genuine issue of material fact remained for trial. Finally, we found that, because appellees' motion for sanctions demonstrated arguable merit by alleging frivolous conduct within the meaning of R.C. 2323.51(A)(2)(a) and such motion did not on its face reveal the lack of a triable issue, the trial court erred by denying appellees' motion without either holding a hearing or making factual findings. As a result, we affirmed in part and reversed in part the judgment of the trial court and remanded for the limited purpose of conducting a hearing to determine whether sanctions were appropriate.

{¶ 3} On remand from this court, on March 10, 2016, the trial court held a hearing on appellees' motion for sanctions. On the same date as the hearing, plaintiffs filed a document "giv[ing] notice" to the trial court that they were refiling two documents: (1) their July 9, 2013 memorandum contra appellees' motion for summary judgment, which had been stricken by the trial court on July 26, 2013, and (2) their August 28, 2013 motion to reconsider the trial court's July 26, 2013 decision granting summary judgment in favor of appellees, which had been denied by the trial court on January 15, 2014. In the filing, appellants urged the trial court to consider the documents in making its determination on appellees' motion for sanctions. On March 18, 2016, appellees filed a motion to strike appellants' March 10, 2016 filing. On March 25, 2016, Samuel L. Brisco, Jr. filed a memo contra appellees' motion for sanctions.

{¶ 4} On April 26, 2016, the trial court filed a decision and entry granting appellees' motion for sanctions, granting appellees' March 18, 2016 motion to strike plaintiffs'

March 10, 2016 filing, and sua sponte striking Brisco, Jr.'s March 25, 2016 memo contra appellees' motion for sanctions. On October 26, 2017, a magistrate appointed by the trial court filed a decision following a hearing finding appellees were entitled to recover from plaintiffs' counsel reasonable attorney fees in the amount of $43,262.50, in addition to expert witness fees in the amount of $2,275.00, for a total of $45,537.50. On January 16, 2018, the trial court filed a decision and judgment entry adopting the magistrate's October 26, 2017 decision.

## II. Assignments of Error

{¶ 5} Appellants appeal and assign the following four assignments of error for our review:

> I. BRISCO TIMELY FILED HIS MEMO CONTRA DEFENDANT-APPELLEE'S [sic] MOTION FOR SUMMARY JUDGMENT ON JUNE 7, 2013 BUT THE CLERK'S ELECTRONIC FILING SYSTEM OVERWROTE IT; BRISCO WAS IMPROPERLY DEFAULTED AND DENIED DUE PROCESS.
>
> II. THE RECORD DOES NOT SUPPORT AN AWARD OF SANCTIONS AGAINST PLAINTIFF-APPELLANT'S COUNSEL; THED [sic] TRIAL COURT ABUSED ITS DISCRETION IN SANCTIONING O'BRIEN AND CATRI.
>
> III. THE TRIAL COURT FAILED TO HAVE THE HEARING REQUIRED BY SECTION 2323.51(B), R.C.
>
> IV. IN OHIO, A CREDITOR IS NOT PERMITTED TO RECOVER ATTORNEY FEES INCURRED IN CONNECTION WITH A DEBT COLLECTION SUIT INVOLVING PERSONAL, FAMILY OR HOUSEHOLD DEBT UNDER *GIONIS* AND *FOSTER*; THE TRIAL COURT ERRED IN AWARDING ATTORNEY FEES TO USRRR.

## III. First Assignment of Error—Memorandum Contra Appellees' Motion for Summary Judgment

{¶ 6} In their first assignment of error, appellants assert they timely filed a memorandum contra appellees' motion for summary judgment, but the electronic filing system improperly failed to docket the filing. We previously addressed appellants' contention in *Brisco*, in which we stated:

> [D]efendants filed their motion for summary judgment on May 10, 2013. Plaintiffs sought and received leave to file an untimely response on or before June 7, 2013. Despite receiving an extension of time to file two weeks after the time limit required by Loc.R. 21.01, the record reflects that plaintiffs did not file their memorandum contra until July 9, 2013, approximately one month after the extended deadline, without seeking additional leave of court. Plaintiffs assert that they did timely file their response on June 7, 2013, but claim that the clerk of courts erroneously did not document their filing.
>
> Regardless of the truth of plaintiffs' assertion, it was the responsibility of plaintiffs or their counsel to ensure that the electronic filing of their response was successful, a responsibility that plaintiffs' counsel acknowledges. *See Essi Acoustical Prods. Co. v. Friedman*, 8th Dist. No. 65477 (May 19, 1994) ("Parties or their attorneys are expected to keep themselves apprised of the progress of their case."); *Carpenter v. Gibson*, 10th Dist. No. 98AP-1327 (July 15, 1999). Although plaintiffs claim that the trial court's staff attorney told them to refile their response electronically once plaintiffs discovered that the docket did not reflect the filing of their memorandum contra, plaintiffs did not file for leave from the court to do so. Moreover, plaintiffs were clearly aware of the need to seek the court's leave to file a response outside of the rule since they had already sought leave to untimely file their memorandum contra.
>
> As plaintiffs did not file an affidavit demonstrating good cause for their untimely filing or respond to the motion to strike, we cannot find that the trial court abused its discretion by striking plaintiffs' response, which was filed without leave of the court after the extended period of time previously granted for filing.

*Brisco* at ¶ 13-15.

{¶ 7} "The law of the case doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." (Citations and quotations omitted.) *Yurkowski v. Univ. of Cincinnati*, 10th Dist. No. 13AP-1049, 2015-Ohio-1511, ¶ 6. "The law of the case doctrine is rooted in principles of res judicata and issue preclusion." *State v. Harding*, 10th Dist. No. 10AP-370, 2011-Ohio-557, ¶ 16, citing *State v. Fischer*, 128

Ohio St.3d 92, 2010-Ohio-6238, ¶ 35.  The law of the case doctrine "ensures consistent results in a case, avoids endless litigation by settling the issues, and preserves the constitutional structure of superior and inferior courts." *Farmers State Bank v. Sponaugle*, 157 Ohio St.3d 151, 2019-Ohio-2518, ¶ 22, citing *Giancola v. Azem*, 153 Ohio St.3d 594, 2018-Ohio-1694, ¶ 14.  Courts consider the law of the case doctrine to be a rule of practice, rather than one of substantive law, and will not apply it to achieve unjust results.  *Browne v. Artex Oil Co.*, __ Ohio St.3d __, 2019-Ohio-4809, ¶ 11, citing *Nolan v. Nolan*, 11 Ohio St.3d 1, 3 (1984).

{¶ 8}  As we resolved in *Brisco* the same issue that appellants raise again in their first assignment of error, the law of the case doctrine precludes our review of such issue in the present matter.  *Yurkowski* at ¶ 9.  Accordingly, we overrule appellants' first assignment of error.

## IV. Second, Third, and Fourth Assignments of Error—Award for Frivolous Conduct

{¶ 9}  Appellant's second, third, and fourth assignments of error all pertain to the trial court's award for frivolous conduct pursuant to R.C. 2323.51.  We begin by reviewing the applicable law and precedent for such awards.

### A. Applicable Law

{¶ 10} With regard to the recovery of attorney fees, Ohio generally follows the "American rule" under which each party is responsible for paying for its own attorney fees. *Gianetti v. Teakwood, Ltd.*, 10th Dist. No. 17AP-606, 2018-Ohio-1621, ¶ 10; *Forrester v. Mercker*, 10th Dist. No. 15AP-833, 2016-Ohio-3080, ¶ 11.  Among exceptions to this rule, a court may award attorney fees when specifically authorized by statute.  *Gianetti* at ¶ 10; *Orth v. Ohio Dept. of Edn.*, 10th Dist. No. 14AP-937, 2015-Ohio-3977, ¶ 12 (listing exceptions).

{¶ 11} Pursuant to R.C. 2323.51(B)(1), a court may "award * * * court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal * * * to any party to the civil action or appeal who was adversely affected by frivolous conduct."  "Conduct" includes "[t]he filing of a civil action, the assertion of a claim, defense, or other position in connection with a civil action, the filing of a pleading, motion, or other paper in a civil action, including, but not limited to, a motion

or paper filed for discovery purposes, or the taking of any other action in connection with a civil action." R.C. 2323.51(A)(1)(a). "Frivolous conduct" means the conduct of a party to a civil action or the party's counsel that satisfies any of the following:

> (i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.
>
> (ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.
>
> (iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.
>
> (iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief.

R.C. 2323.51(A)(2)(a).

{¶ 12} R.C. 2323.51(B)(2) governs the procedures that must be followed in order to make an award under R.C. 2323.51(B)(1), providing in pertinent part as follows:

> An award may be made pursuant to division (B)(1) of this section upon the motion of a party to a civil action or an appeal of the type described in that division or on the court's own initiative, but only after the court does all of the following:
>
> (a) Sets a date for a hearing to be conducted in accordance with division (B)(2)(c) of this section, to determine whether particular conduct was frivolous, to determine, if the conduct was frivolous, whether any party was adversely affected by it, and to determine, if an award is to be made, the amount of that award;
>
> (b) Gives notice of the date of the hearing described in division (B)(2)(a) of this section to each party or counsel of record who allegedly engaged in frivolous conduct and to each party who allegedly was adversely affected by frivolous conduct;

> (c) Conducts the hearing described in division (B)(2)(a) of this section in accordance with this division, allows the parties and counsel of record involved to present any relevant evidence at the hearing, including evidence of the type described in division (B)(5) of this section, determines that the conduct involved was frivolous and that a party was adversely affected by it, and then determines the amount of the award to be made.

Thus, when considering a motion for an award under R.C. 2323.51(B)(1), the court must hold a hearing to determine whether the alleged conduct was frivolous, whether any party was adversely affected by it, and the amount of the award, if any is to be made. *Crown Chrysler Jeep, Inc. v. Boulware*, 10th Dist. No. 15AP-162, 2015-Ohio-5084, ¶ 41-42, citing *Bennett v. Martin*, 10th Dist. No. 13AP-99, 2013-Ohio-5445, ¶ 17.

{¶ 13} No single standard of review applies in R.C. 2323.51 cases. *Breen v. Total Quality Logistics*, 10th Dist. No. 16AP-3, 2017-Ohio-439, ¶ 11, citing *Judd v. Meszaros*, 10th Dist. No. 10AP-1189, 2011-Ohio-4983, ¶ 18, citing *Wiltberger v. Davis*, 110 Ohio App.3d 46, 51 (10th Dist.1996). In order to determine the standard of review, we must consider " 'whether the trial court's determination resulted from factual findings or a legal analysis.' " *Gianetti* at ¶ 12, quoting *Breen* at ¶ 11. We review legal questions de novo. *Indep. Taxicab Assn. of Columbus v. Abate*, 10th Dist. No. 08AP-44, 2008-Ohio-4070, ¶ 13, citing *Stuller v. Price*, 10th Dist. No. 03AP-30, 2003-Ohio-6826, ¶ 14. We accord deference to the trial court's factual determinations and will not disturb the same where the record contains competent, credible evidence to support such findings. *Breen* at ¶ 11; *Abate* at ¶ 13; *Southard Supply, Inc. v. Anthem Contrs., Inc.*, 10th Dist. No. 16AP-545, 2017-Ohio-7298, ¶ 15. Finally, where a trial court has found frivolous conduct, "the decision whether to assess a penalty lies within the sound discretion of the trial court" and will not be reversed absent an abuse of discretion. *Breen* at ¶ 11, citing *Judd* at ¶ 19.

## B. Second Assignment of Error

{¶ 14} In their second assignment of error, appellants assert the trial court abused its discretion in finding that appellants engaged in frivolous conduct. In its decision, the trial court found that "[p]laintiffs' claims lacked any evidentiary basis" and, furthermore, "[p]laintiffs' counsel should have discovered such claims lacked factual and legal support upon a reasonable investigation into such claims." (Apr. 22, 2016 Decision & Entry at 4.)

Thus, although the trial court did not cite the specific statutory section upon which it relied, it appears the trial court found appellants' conduct to be frivolous under R.C. 2323.51(A)(2)(a)(iii). "[A] party only needs minimal evidentiary support for its allegations or factual contentions in order to avoid a frivolous conduct finding" under R.C. 2323.51(A)(2)(a)(iii). *Carasalina LLC v. Bennett*, 10th Dist. No. 14AP-74, 2014-Ohio-5665, ¶ 36. "If a party makes an allegation or factual contention on information or belief, then the party must have the opportunity to investigate the truth of that allegation or factual contention." *Id.* However, if a party persists in relying on an allegation or factual contention where no evidence supports it, then a trial court may find the party has engaged in frivolous conduct under R.C. 2323.51(A)(2)(a)(iii). *Id.*

{¶ 15} Whether conduct is frivolous pursuant to R.C. 2323.51(A)(2)(a)(iii) is a question of fact. *Southard* at ¶ 14. Therefore, an appellate court will not disturb a finding of frivolous conduct under R.C. 2323.51(A)(2)(a)(iii) unless the record lacks competent, credible evidence to support the trial court's determination. *Id.* at ¶ 15; *Carasalina* at ¶ 37.

{¶ 16} In analyzing whether appellants' claims were frivolous, the trial court first examined plaintiffs' claim for a violation of the Ohio Home Solicitation Sales Act under R.C. 1345.21 et seq. With respect to that claim, plaintiffs alleged appellees failed to provide plaintiffs with a notice of cancellation as required under R.C. 1345.23(B)(2) and failed to provide notice of the date by which plaintiffs could cancel and the name and address where plaintiffs were to send their notice of cancellation as required by R.C. 1345.23(B)(2) and (3). As noted in our prior decision, appellees attached to their motion for summary judgment a copy of a document labeled "NOTICE OF CANCELLATION." *Brisco* at ¶ 23. The document contained appellees' address at their place of business and a date for the cancellation to be effective. Brisco, Jr. admitted in his deposition that his signature was on the document. Therefore, we find competent, credible evidence supports the trial court's finding of frivolous conduct with regard to plaintiffs' claim under the Ohio Home Solicitation Sales Act.

{¶ 17} Second, the trial court examined plaintiffs' claim for a violation of the Ohio Consumer Sales Practices Act ("CSPA") under R.C. 1345.02 and 1345.03. Plaintiffs alleged in their complaint that appellees made misrepresentations and committed a variety of unfair or deceptive consumer sales practices. In our prior decision, we found the following:

> In his deposition, Mr. Brisco stated that defendants did not "misrepresent anything" and specifically that they did not "misrepresent[] anything * * * regarding the goods or services that could be provided." (S. Brisco Depo., 33.) Next, in response to plaintiffs' claim that they failed to perform services in a competent, satisfactory, and workmanlike manner and failed or refused to correct substantial work or defects, defendants pointed to Mr. Brisco's deposition in which he stated that defendants did not perform any repairs to his house and that he had no complaints about the work that they in fact never began. Mr. Brisco further stated that, as defendants never performed any work on his roof, he did not expect any warranties and that defendants made no representations to him regarding warranties.

*Brisco* at ¶ 25. Therefore, we find competent, credible evidence exists to support the trial court's finding of frivolous conduct with regard to plaintiffs' CSPA claim.

{¶ 18} Appellants also assert that, under the doctrine of collateral estoppel, appellees should be precluded from arguing frivolous conduct with regard to the CSPA claim because appellees were found to have violated the CSPA in other cases. Appellants failed to raise their collateral estoppel argument in the trial court and cannot raise the same for the first time on appeal. *Open Container, Ltd. v. CB Richard Ellis, Inc.*, 10th Dist. No. 14AP-133, 2015-Ohio-85, ¶ 22, citing *State ex rel. Zollner v. Indus. Comm.*, 66 Ohio St.3d 276, 278 (1993); *Lycan v. Cleveland*, 8th Dist. No. 107700, 2019-Ohio-3510, ¶ 33 (finding city waived its res judicata argument by not raising it before the trial court); *State v. Chapa*, 10th Dist. No. 04AP-66, 2004-Ohio-5070, ¶ 19.

{¶ 19} Third, with regard to plaintiffs' claim for fraud, the trial court found "[p]laintiffs' counsel failed to allege a proper complaint for fraud" by failing to allege that appellees "made the alleged misrepresentations with the intent of misleading [p]laintiffs into relying on them." (Apr. 22, 2016 Decision & Entry at 3.) Based on the language of the decision, it is unclear as to which of the statutory grounds provided in R.C. 2323.51(A)(2)(a) the trial court utilized in making its determination. It is possible to construe the court's analysis pursuant to R.C. 2323.51(A)(2)(a)(ii) that the claim is not warranted under existing law. However, because we find that competent, credible evidence exists to support a finding of frivolous conduct under R.C. 2323.51(A)(2)(a)(iii), we ultimately conclude the trial court

did not err in finding frivolous conduct with regard to appellants' claim for fraud.[2]  *See Hassey v. Columbus*, 10th Dist. No. 17AP-726, 2018-Ohio-3958, ¶ 33 (finding erroneous basis for judgment not grounds for reversal where judgment is legally correct on other grounds and, therefore, not prejudicial); *Interim HealthCare of Columbus, Inc. v. State Dept. of Adm. Servs.*, 10th Dist. No. 07AP-747, 2008-Ohio-2286, ¶ 11; *Arth Brass & Aluminum Castings, Inc. v. Ryan*, 10th Dist. No. 07AP-811, 2008-Ohio-1109, ¶ 14.

{¶ 20} In their complaint, plaintiffs asserted appellees made four separate representations "with knowledge of their falsity, or with such utter disregard and recklessness as to whether such representations were true or false that knowledge may be inferred or with fraudulent intent and actual malice."  (Am. Compl. at 10.)  Furthermore, plaintiffs alleged that they "reasonably relied on [appellees'] false statements of fact."  (Am. Compl. at 11.)  However, in his deposition testimony, Brisco, Jr. stated that appellees did not "misrepresent[] anything" with regard to "[a]ny of the representations made" by appellees.  (Brisco, Jr. Depo. at 33.)  Furthermore, Brisco, Jr. stated he did not have any information or evidence that led him to believe appellees knowingly made a misleading statement to him and that he relied on such statement. (Brisco, Jr. Depo. at 39.)  Therefore, we find competent, credible evidence supports the trial court's determination that appellants engaged in frivolous conduct with regard to the fraud claim.

{¶ 21} Finally, with regard to plaintiffs' slander of title claim, the trial court found it was barred by the statute of limitations.  Furthermore, the trial court found that Brisco, Jr.'s

---

[2] We note as well the analysis in the prior decision may be informative: Brisco, Jr. stated he believed defendants misled him because he was unable to read the documents he signed, and he believed he was only signing a document that permitted defendants to contact his insurance company. As stated in *Ed Schory & Sons, Inc. v. Francis*, 75 Ohio St.3d 433 (1996), generally, under Ohio law:

> "A person of ordinary mind cannot say that he was misled into signing a paper which was different from what he intended to sign when he could have known the truth by merely looking when he signed. * * * If this were permitted, contracts would not be worth the paper on which they are written. If a person can read and is not prevented from reading what he signs, he alone is responsible for his omission to read what he signs."

*Id.* at 441, quoting *Dice v. Akron, Canton & Youngstown RR. Co.*, 155 Ohio St. 185, 191 (1951). *See also Nesco Sales & Rental v. Superior Elec. Co.*, 10th Dist. No. 06AP-435, 2007-Ohio-844, ¶ 20-22. Importantly, Brisco, Jr. does not allege that he informed defendants he was unable to read the documents he signed or that defendants were otherwise aware of his alleged inability to read the documents. Although he could not recall specifically whether or not he told defendants he could not read the documents, he stated he did not "normally tell anybody that I'm blind in my left eye." (Jan. 31, 2013 Brisco, Jr. Depo. at 45.)

deposition testimony revealed he could not prove damages with respect to that claim. Therefore, based on Brisco, Jr.'s deposition testimony, we find competent, credible evidence supports the trial court's determination with regard to the slander of title claim.

{¶ 22} Accordingly, we overrule appellants' second assignment of error.

## C. Third Assignment of Error

{¶ 23} In their third assignment of error, appellants assert the trial court erred by failing to hold a hearing in compliance with R.C. 2323.51(B)(2). Appellants acknowledge the trial court conducted proceedings on March 10, 2016 to determine whether appellants' conduct was frivolous. However, appellants argue the proceedings were in violation of due process because appellees did not present any evidence but, rather, relied on evidence already in the record to support their contention that appellants committed frivolous conduct.

{¶ 24} Here, appellants have failed to provide this court with a complete transcript of the March 10, 2016 hearing.[3] Because the appellant bears the burden of showing error by reference to matters in the record, the appellant is under a duty to provide a transcript for purposes of appellate review. *Studley v. Biehl*, 10th Dist. No. 18AP-11, 2018-Ohio-2274, ¶ 12; *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). *See* App.R. 9(B). Absent a transcript, we " 'must presume the regularity of the proceedings below.' " *Studley* at ¶ 13, quoting *Lee v. Ohio Dept. of Job & Family Servs.*, 1oth Dist. No. 06AP-625, 2006-Ohio-6658, ¶ 10, citing *Edwards v. Cardwell*, 10th Dist. No. 05AP-430, 2005-Ohio-6758, ¶ 4-6. " ' "Where a party to an appeal fails to file portions of the transcript necessary for resolution of his assignments of error, the assignments will be overruled." ' " *Walker v. Hughes*, 10th Dist. No. 16AP-671, 2017-Ohio-9029, ¶ 15, quoting *Lee* at ¶ 10, quoting *Maloney v. Maloney*, 34 Ohio App.3d 9 (11th Dist.1986), syllabus. *See State ex rel. Greene v. Montgomery Cty. Bd. of Elections*, 121 Ohio St.3d 631, 2009-Ohio-1716, ¶ 22 (finding that it had no choice but to presume validity of the lower court's proceedings because no

---

[3] We note appellants cite to a document entitled "Notice of Filing Transcript of Proceedings," which Brisco, Jr. filed in the trial court on September 25, 2017. In the notice, Brisco, Jr. stated the filing contained the "Transcript of Proceedings" from the "hearing on March 10, 2016." (Sept. 25, 2017 Notice at 1.) However, the purported transcript attached to the notice was not signed or certified by the court reporter as a "true, correct, and complete transcript of the proceedings in this matter on Thursday, March 10, 2016." (Notice at 13.) Furthermore, the markings on the purported transcript indicate that it may be incomplete. As a result, we cannot find that the purported transcript is complete for purposes of enabling proper appellate review. *See State v. Lopez-Tolentino*, 10th Dist. No. 19AP-280, 2019-Ohio-4778, ¶ 12, fn. 1.

complete transcript appeared in the record and appellant had the duty to "provide the pertinent portions of the transcript for this appeal"); *Sopp v. Turner*, 10th Dist. No. 10AP-25, 2010-Ohio-4021, ¶ 18; *State v. Carrasquillo*, 9th Dist. No. 09CA009639, 2010-Ohio-1373, ¶ 34. Therefore, insofar as appellants' argument relates to any alleged error at the March 10, 2016 hearing, we must presume regularity in the trial court proceedings and overrule appellants' assignment of error.

{¶ 25} Further, appellants do not contend that they objected to the trial court's procedure or the admission of the record as evidence at the March 10, 2016 hearing. Because appellants failed to object in the trial court, we may apply a plain error standard of review. *In re L.W.*, 10th Dist. No. 17AP-586, 2018-Ohio-2099, ¶ 36; *Patton v. Ditmyer*, 4th Dist. No. 05CA12, 2006-Ohio-7107, ¶ 59 (finding plain error standard applied where appellants failed to object to trial court taking judicial notice of proceedings at attorney fee hearing). In civil cases, the plain error doctrine is not favored and may only be applied in the extremely rare case involving exceptional circumstances such that the error, if left uncorrected, would challenge the fairness, integrity, or public reputation of the judicial process itself. *Bonds v. Hinkle*, 10th Dist. No. 18AP-606, 2019-Ohio-1016, ¶ 8; *L.W.* at ¶ 36, citing *In re Moore*, 10th Dist. No. 04AP-229, 2005-Ohio-747, ¶ 8, citing *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 122 (1997). "The error must be clearly apparent on the face of the record and prejudicial to the appellant." *Bonds* at ¶ 8.

{¶ 26} In *Jackson v. Bellomy*, 10th Dist. No. 01AP-1397, 2002-Ohio-6495, we considered whether a trial court erred in finding frivolous conduct based on the record of the proceedings contained in the court's case file. In that case, the appellees, who in the trial court sought sanctions pursuant to R.C. 2323.51, "declined to introduce witness testimony" at the frivolous conduct hearing. *Jackson* at ¶ 46. Instead, counsel for appellees "inform[ed] the court that the evidence he would submit for consideration was fully developed and documented within the court's case file," and, therefore, "in the interest of time and efficiency, he referred the court to the record." *Id.* We found that "because of the intensely factual nature of the case at bar coupled with the trial judge's knowledge of the history of proceedings," it would be an "unnecessarily 'pointless gesture' " to require the appellees "to reproduce evidence of documents and proceedings already in the record." *Id.* at ¶ 47, quoting *Murrell v. Williamsburg Local School Dist.*, 92 Ohio App.3d 92, 96 (12th

Dist.1993). Therefore, based on the evidence in the record of the proceedings and testimony elicited from witnesses by appellant at the hearing, we found there was competent, credible evidence to support the trial court's finding.

{¶ 27} Here, appellants failed to object to the trial court's consideration of the record of proceedings. Furthermore, appellants do not contend they were prevented from challenging such material in the record by the introduction of testimony or other evidentiary materials. Therefore, based on our decision in *Jackson*, we cannot find the trial court's consideration of evidence already contained in the record of the proceedings in making its determination on the existence of frivolous conduct under R.C. 2323.51 constitutes exceptional circumstances necessitating application of the plain error doctrine. *See Grove v. Gamma Ctr.,* 3d Dist. No. 9-14-29, 2015-Ohio-1180, ¶ 65; *Patton* at ¶ 65-66; *Sopp* at ¶ 15-16.

{¶ 28} Accordingly, we overrule appellants' third assignment of error.

## D. Fourth Assignment of Error

{¶ 29} In their fourth assignment of error, appellants assert the trial court erred by awarding attorney fees incurred through participation in a debt collection action involving personal, family, or household debt. In support of their argument, appellants cite to R.C. 1345.031 and 1319.02. The cited statutes, which deal with unconscionable acts or practices concerning residential mortgages and enforcement of a commitment to pay attorney fees in a commercial contract of indebtedness, are inapposite to the present matter. Appellees' motion pursuant to R.C. 2323.51 sought attorney fees and other expenses from plaintiffs' counsel due to their frivolous conduct, not from plaintiffs in the context of R.C. 1345.031 and 1319.02. As a result, we find appellants' argument to be without merit.

{¶ 30} Accordingly, we overrule appellants' fourth assignment of error.

## V. Conclusion

{¶ 31} Having overruled appellants' four assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BRUNNER and McGRATH, JJ., concur.

McGRATH, J., retired, formerly of the Tenth Appellate District,
Assigned to active duty under authority of the Ohio
Constitution, Article IV, Section 6(C).

_____