[Cite as *In re T.R.*, 2025-Ohio-51.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

In the Matter of:                                    :

[T.R. et al.,                                        :                    No. 24AP-225
                                                                    (C.P.C. No. 19JU-7549)
M.A., Father,                                        :

                                                                    (REGULAR CALENDAR)
                        Appellant].        :

---

D E C I S I O N

Rendered on January 9, 2025

---

**On brief:** *M.A.*, pro se. **Argued:** *M.A.*

**On brief:** *Kelly L. Murphy*, and *Stuart Y. Itani*, for appellee.
**Argued:** *Kelly L. Murphy*.

---

APPEAL from the Franklin County Court of Common Pleas
Division of Domestic Relations and Juvenile Branch

PER CURIAM.

{¶ 1} Appellant, M.A., father, appeals the judgment entry of the Franklin County Court of Common Pleas, Division of Domestic Relations and Juvenile Branch, which granted mother's, A.E., motion for reallocation of parental rights and responsibilities with respect to M.A.'s and A.E.'s minor children and denied M.A.'s motion to file late answer and objection to A.E.'s motion for reallocation of parental rights and responsibilities.

## I. PROCEDURAL HISTORY AND FACTS

{¶ 2} M.A. and A.E., who divorced in 2015, are the father and mother of six dependent children. In June 2019, five of the children were living with A.E. and one child was living with M.A. On October 2, 2019, the children were adjudicated dependent. On March 10, 2020, the National Youth Advocate Program ("NYAP") and Franklin County Children Services filed a motion for shelter care regarding the five children in A.E.'s custody. In the motion, they stated that "mother reported that she is going to Libya and

does not have childcare arranged for her children. There have been concerns that mother has not been able to supervise the children appropriately in her home." (Mar. 10, 2020 Shelter Care Mot. for Alternative Disposition at 2.) On March 11, 2020, the trial court granted M.A. temporary custody of the five children who had previously resided with A.E.

{¶ 3} On June 3, 2020, NYAP filed a motion to terminate court ordered protective services for all six of the children and recommended that the trial court grant M.A. legal custody of the children. On July 1, 2020, the magistrate granted the motion, and on July 31, 2020, the trial court adopted the magistrate's decision.

{¶ 4} On October 13, 2021, after A.E. returned from Libya, she filed a motion seeking a shared parenting order, and on January 14, 2021, she also filed a motion seeking custody of all six children. On August 16, 2022, the trial court denied A.E.'s motion for custody of all six children but agreed, upon the recommendation of the children's guardian ad litem ("GAL"), that visitation with A.E. was in the best interests of the children, except for one child who did not want to see her.

{¶ 5} On August 7, 2022, M.A. was arrested and charged with domestic violence, assault, and child endangering. The police placed the children with A.E., and the charges against M.A. were later dismissed. On August 19, 2022, A.E. filed a motion to modify and for reallocation of parental rights and responsibilities. On August 30, 2022, the trial court granted A.E. a temporary order of custody pending a full hearing on the matter. On September 28, 2022, A.E. filed a motion for custody of all the children.

{¶ 6} On March 18, 2024, the magistrate issued a decision granting custody to A.E., and the trial court adopted the magistrate's decision the same day. The magistrate considered the best interests of the children, based on the factors within R.C. 3109.04(F)(1). The magistrate noted that both parents wanted custody of the children and that the GAL testified that all the children wished to remain with A.E. so that they may continue to attend the same schools and stay close to their friends. The magistrate also found that the relationship between M.A. and A.E. was significantly strained, and that M.A. was likely to refuse any visitation orders short of supervised visits by him.

{¶ 7} The magistrate found that the children were doing well under A.E.'s care and, although one child is experiencing mental health issues, A.E. is appropriately addressing those issues. The magistrate also raised concerns about M.A.'s mental health, based in part

on his allegations about A.E. bringing in men to abuse one of their children, which the court found "difficult to believe." (Mar. 18, 2024 Mag's. Decision at 3.) The magistrate also noted that M.A. refused to testify as to where he lived and refused to provide basic information to the GAL and therefore "sabotaged his case." *Id.*

{¶ 8} The magistrate further noted that there are concerns regarding the mental health of both parents. The magistrate noted that while A.E. left the children to go to Libya to address her mental health, she has since improved. M.A., on the other hand, raised questions about his mental health through his testimony and behavior throughout the case.

{¶ 9} The magistrate also looked to other relevant factors and stated that the trial court

> has extremely limited information about [M.A.'s] living situation. [The GAL] only learned of his new home when he testified in court. He did not file a relocation notice with the court. He refused to answer questions about where he lives, and where he works. This has essentially eliminated him from consideration in this matter. At the same time, [A.E.] has had the children in her care since August of 2022. Again, setting aside [R.R.'s] behavioral issues, the children are doing well in her care. They are healthy, doing well in school, and appear to be happy. [R.R.] is a troubled child, but all the evidence is that [A.E.] is addressing it properly. [M.A.] seems less focused on the treatment plan for [R.R.] than he is on blaming [A.E.] for the problems.

*Id.* at 4.

{¶ 10} Ultimately, the magistrate denied M.A.'s motion for custody and motion to file late answer and objection to A.E.'s motion for custody. The magistrate granted A.E.'s motion for custody and ordered that she be named the children's custodian and residential parent. The magistrate granted M.A. visitation on alternate weekends but ordered him to provide his address to A.E. so she would know where the children were during their weekend visits.

{¶ 11} M.A. now appeals.

## II. ASSIGNMENTS OF ERROR

{¶ 12} In his May 20, 2024 brief, M.A. lists nine assignments of error:

> [1.] I think that decision * * * bearing a lot of errors and mistakes.

[2.] The decision was unfair and the reasons for that decision was unreasonable and lawless.

[3.] The decision doesn't give any [] value or amount of any document and papers which I have attached.

[4.] The decision doesn't give reasonable explaining about my motion denied reasons.

[5.] The decision doesn't consider [R.R.'s] psychological state, and what happened against her since August 2022.

[6.] The decision was a copy from [GAL] report.

[7.] The decision ignored [there] was agreement between me and her mother to be [R.R.] stay with me.

[8.] This case is not as only a custody case but to protect my kids from her mother and others and their evil conspiracies.

[9.] The reason of that decision was I was late to answer, I think this reason was unlawful and illogical.

(Sic. passim.)

## III. ANALYSIS

{¶ 13} Before we may consider M.A.'s assignments of error, we note that M.A. did not file objections to the magistrate's decision in the trial court. The magistrate's decision, in a conspicuous notice to the parties, stated:

> A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civil Rule 53(D)(3)(a)(ii) or Juvenile Rule 40(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civil Rule 53(D)(3)(b) or Juvenile Rule 40(D)(3)(b).

(Mar. 18, 2024 Mag.'s Decision at 4.)

{¶ 14} Civ.R. 53(D)(3)(b)(i) provides that a party may file written objections to a magistrate's decision within 14 days after the magistrate's decision is filed, which M.A. did not do. Because M.A. did not file objections to the magistrate's decision with the trial court, he has waived all but plain error on appeal. *See In re G.S.*, 10th Dist. No. 10AP-734, 2011-Ohio-2487, ¶ 6 ("It is well-settled that a party's failure to file objections to a magistrate's decision waives all but plain error."); *Nyamusevya v. Nkurunziza*, 10th Dist. No. 11AP-137, 2011-Ohio-5287, ¶ 9. M.A. does not make a plain-error argument in his appellate brief. *See Mangan v. Morocho & Garcia Constr., L.L.C.*, 10th Dist. No. 23AP-397, 2024-Ohio-2241,

¶ 33 (overruling assignment of error related to trial court's adoption of a magistrate's decision when appellant did not file objections to the magistrate's decision and failed to allege or otherwise demonstrate plain error on appeal).

{¶ 15} M.A. also has not filed a transcript of the proceedings before the magistrate. " ' "The duty to provide a transcript for appellate review falls upon the appellant. This is because the appellant bears the burden of showing error by reference to matters in the record." ' " *Lee v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 06AP-625, 2006-Ohio-6658, ¶ 10, quoting *Dailey v. R & J Commercial Contracting*, 10th Dist. No. 01AP-1464, 2002-Ohio-4724, ¶ 20, quoting *Fleisher v. Siffrin Residential Assoc., Inc.*, 7th Dist. No. 01-CA-169, 2002-Ohio-3002, ¶ 25, citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980).

{¶ 16} Without a transcript, we "must presume the regularity of the proceedings below and affirm the trial court's decision." *Lee* at ¶ 10, citing *Edwards v. Cardwell*, 10th Dist. No. 05AP-430, 2005-Ohio-6758, ¶ 4-6; *Dailey* at ¶ 20. " 'Where a party to an appeal fails to file portions of the transcript necessary for resolution of his assignments of error, the assignments will be overruled.' " *Lee* at ¶ 10, quoting *Maloney v. Maloney*, 34 Ohio App.3d 9 (11th Dist.1986), syllabus. Without a transcript, we have nothing with which to compare the magistrate's factual findings or upon which to judge their accuracy. Because M.A. did not file a transcript, "[w]e must therefore rely on the magistrate's findings of fact as adopted by the trial court, because there is no other evidence before us to review." *Studley v. Biehl*, 10th Dist. No. 18AP-11, 2018-Ohio-2274, ¶ 12. Here, we find no plain error under the law, nor does M.A. argue plain error.

## IV. CONCLUSION

{¶ 17} Having found no plain error in the trial court's decision, we overrule M.A.'s nine assignments of error and affirm the decision of the Franklin County Court of Common Pleas, Division of Domestic Relations and Juvenile Branch.

*Judgment affirmed.*

JAMISON, P.J., BOGGS, and LELAND, JJ., concur.

————————