[Cite as *Graddic v. Wharton*, 2025-Ohio-5157.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

James Graddic, :

    Plaintiff-Appellant, : No. 25AP-315
(C.P.C. No. 23JU-442)

v. :

                                                 (REGULAR CALENDAR)

Stephanie Wharton, :

    Defendant-Appellee. :

---

D E C I S I O N

Rendered on November 13, 2025

---

**On brief:** *James Graddic*, pro se. **Argued:** *James Graddic*.

---

APPEAL from the Franklin County Court of Common Pleas
Division of Domestic Relations and Juvenile Branch

BEATTY BLUNT, J.

{¶ 1} Plaintiff-appellant, James Graddic, appeals the judgment entry of the Franklin County Court of Common Pleas, Division of Domestic Relations and Juvenile Branch, granting defendant-appellee, Stephanie Wharton's counterclaim for allocation of parental rights and responsibilities and designating her sole residential parent and legal custodian of the parties' minor child, O.G.G. (d.o.b. April 3, 2013), denying Gradic's motion to dismiss, and dismissing his motions for indigence and for contempt.

{¶ 2} Based on the limited record before us, we can determine that this case originated with Graddic's complaint for allocation of parental rights regarding O.G.G., which he filed pro se on January 13, 2023, and verification of Gradic's paternity of O.G.G. was provided to the trial court on March 20, 2023. Wharton filed a counterclaim, a motion for psychological evaluations of the parties, a motion for drug and alcohol testing, and a motion for appointment of a Guardian ad Litem ("GAL") on April 6, 2023. The magistrate issued temporary orders on May 1, 2023 awarding Graddic telephonic visits on May 1,

2023. Graddic's attorney withdrew, and he proceeded pro se for the rest of the case. He then filed pro se motions to remove the magistrate and the GAL, both based on alleged biases against him based on race and his status as a veteran, amongst other reasons. He also filed several pleadings requesting review or reconsideration of the magistrate's temporary orders, all of which were denied by the trial court following a hearing on November 30, 2023. (*See* Dec. 1, 2023 Decision & Jgmt. Entry at 1-3.) Graddic then filed several largely unintelligible motions to dismiss Wharton's counterclaim and to require a psychological evaluation of Wharton, amongst others. He also consistently failed to comply with earlier trial court orders regarding discovery, drug and alcohol testing, and compliance with requests for release of information to the GAL.

{¶ 3} The case was ultimately set for trial on May 20 and 21, 2024, and despite the fact that Graddic continued to file additional rule-deficient motions, the case proceeded to trial on those dates. An additional hearing was held on November 4, 2024, and on March 3, 2025, the magistrate filed a decision and issued orders that included the following:

> 1. Mother Stephanie Wharton's counter claim for the allocation of parental rights and responsibilities, filed April 6, 2023, is hereby GRANTED;
>
> 2. Father James Graddic's motion to dismiss Mother's counter claim, filed January 3, 2024, is hereby DENIED;
>
> 3. Father's motion to file Indigent (*sic*), filed January 3, 2024, is hereby DISMISSED;
>
> 4. Father's motion for contempt, filed February 14, 2024, is hereby DISMISSED for lack of service;
>
> 5. Mother's motion for attorney fees, filed February 23, 2024, is hereby DENIED;
>
> 6. Mother's motions to compel, filed February 23, 2024, and June 16, 2023, are hereby DENIED;
>
> 7. Mother Stephanie Wharton is designated the sole residential parent and legal custodian of the parties' minor child, [O.G.G.], born April 3, 2013;
>
> 8. Father James Graddic shall have supervised parenting time with the minor child [O.G.G.], born April 3, 2013, which shall be supervised by Be Safe Visitations & Exchanges I.N.C., located at 663 Park Meadow Road, Suite C, Westerville, Ohio 43081, telephone (614) 392-5225. Father is entitled to exercise parenting time once per month at Be Safe Visitations and

Exchanges I.N.C. for up to 2 hours per visit, subject to the availability of Be Safe Visitations and Exchanges I.N.C. and with appointment times scheduled with the parties by Be Safe Visitations and Exchanges I.N.C. Father shall pay all costs related to his supervised visits as assessed by Be Safe Visitations and Exchanges I.N.C. Each party shall be responsible for any costs for orientation to the program. Mother, or her designee, shall provide transportation of the minor child to and from Be Safe Visitations and Exchanges I.N.C.[] Each party shall contact Be Safe Visitations and Exchanges I.N.C. within 7 days of the judgment entry adopting this decision in order to make appropriate arrangements;

9. Father shall have telephone calls with the minor child every Tuesday at 7:00 p.m. If the minor child is unavailable during that time, Mother shall ensure that the child returns the call to Father with[in] 24 hours;

10. Each party shall refrain from speaking with the minor child about issues or matters associated with this custody case. Each party shall refrain from speaking negatively about the other party in the presence of the minor child;

11. The parties shall continue to use Our Family Wizard for all communications regarding the minor child;

12. Child support is passed due to lack of information;

13. Mother shall provide private health insurance for the minor child as long as it is available to her at a reasonable cost;

14. Father and Mother shall pay the cost of all medical, dental, and other health care expenses of the minor child not covered by insurance as follows: Father shall pay 50% and Mother shall pay 50%.
Extraordinary medical expenses are defined as medical and other health care expenses exceeding $510.21 per year, per child, for a total of $510.21. All expenses shall be submitted to the insurance provider prior to seeking reimbursement or contribution from the other party. Reimbursement shall be made within 30 days;

15. Each party shall pay their respective balance to the Guardian ad Litem within forty-five (45) days of the filing date of the Judgment Entry adopting this Decision by the Court. These fees are in the nature of child support for consideration of discharge in bankruptcy. The Guardian ad Litem is discharged from any further duties herein, with the exception of the limited purpose of the collection of outstanding fees;

> 16. Mother Stephanie Wharton shall be entitled to claim the minor child, [O.G.G.], born April 3, 2013, as her dependent for all state and federal income tax purposes each year . . .

(Emphasis in original.)  (Feb. 27, 2025 Mag.'s Decision at 6-8.)

{¶ 4}   Graddic now appeals, and his brief asserts a single assignment of error:

> The trial court erred and abused its discretion in dismissing appellant's action.

But before we may consider Graddic's assignment of error, we observe that he failed to file timely objections to the magistrate's decision in the trial court.  The magistrate's decision, in a conspicuous notice to the parties, stated:

> A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ. R. 53(D)(3)(a)(ii) or Juv. R. 40(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ. R. 53(D)(3)(b) or Juv. R. 40(D)(3)(b).

(Feb. 27, 2025 Mag.'s Decision at 9.)  Civ.R. 53(D)(3)(b)(i), itself, provides that a party may file written objections to a magistrate's decision within 14 days after the magistrate's decision is filed.  Graddic did ultimately file a one-page "Objection to Decision of Magistrate," but he did not do so until March 25, 2025, almost two weeks after such objection was due, and filed this appeal only one week later.  He never filed a motion for leave to file late objections in the trial court, and that court has not ruled on his late objection.

{¶ 5}   Because Graddic did not file a timely objection to the magistrate's decision with the trial court, he has waived all but plain error on appeal.  *See In re G.S.*, 2011-Ohio-2487, ¶ 6 (10th Dist.) ("It is well-settled that a party's failure to file objections to a magistrate's decision waives all but plain error."); *Nyamusevya v. Nkurunziza*, 2011-Ohio-5287, ¶ 9 (10th Dist.).  Graddic has not presented a plain-error argument in his appellate brief.  *See Mangan v. Morocho & Garcia Constr., L.L.C.*, 2024-Ohio-2241, ¶ 33 (10th Dist.) (overruling assignment of error related to the trial court's adoption of a magistrate's decision when appellant did not file objections to the magistrate's decision and failed to allege or otherwise demonstrate plain error on appeal).

{¶ 6} Graddic also has not filed a transcript of the proceedings held before the magistrate on May 20, 2024, May 21, 2024, and November 4, 2024. Those hearings provided the evidentiary basis for the magistrate's February 27, 2025 decision, which was approved and adopted by the trial court and forms the order under review. " ' "The duty to provide a transcript for appellate review falls upon the appellant. This is because the appellant bears the burden of showing error by reference to matters in the record." ' " *Lee v. Ohio Dept. of Job & Family Servs.*, 2006-Ohio-6658, ¶ 10 (10th Dist.), quoting *Dailey v. R & J Commercial Contracting, Inc.*, 2002-Ohio-4724, ¶ 20 (10th Dist.), quoting *Fleisher v. Siffrin Residential Assn., Inc.*, 2002-Ohio-3002, ¶ 25 (7th Dist.), citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). Without a transcript, we "must presume the regularity of the proceedings below and affirm the trial court's decision." *Lee* at ¶ 10, citing *Edwards v. Cardwell*, 2005-Ohio-6758, ¶ 4-6 (10th Dist.); *Dailey* at ¶ 20. " 'Where a party to an appeal fails to file portions of the transcript necessary for resolution of his assignments of error, the assignments will be overruled.' " *Lee* at ¶ 10, quoting *Maloney v. Maloney*, 34 Ohio App.3d 9 (11th Dist. 1986), paragraph one of the syllabus. Without a transcript, we have nothing with which to compare the magistrate's factual findings or upon which to judge their accuracy. Because Graddic did not file a transcript, "[w]e must therefore rely on the magistrate's findings of fact as adopted by the trial court, because there is no other evidence before us to review." *Studley v. Biehl*, 2018-Ohio-2274, ¶ 12 (10th Dist.).

{¶ 7} In sum, Graddic's failure to file an objection to the magistrate's decision results in him forfeiting all but plain error on appeal, and his failure to file a transcript in this court wholly prevents us from determining whether plain error could exist. Accordingly, we overrule Graddic's sole assignment of error and affirm the decision of the Franklin County Court of Common Pleas, Division of Domestic Relations and Juvenile Branch.

*Judgment affirmed.*

JAMISON, P.J., and DINGUS, J., concur.

———————